## WHITE *v.* KNOX, Comptroller.

IN ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued April 10th, 1884.—Decided May 5th, 1884.

*National Bank*

A creditor of an insolvent national bank, who establishes his debt by suit and judgment after refusal by the Comptroller of the Currency to allow it, is

entitled to share in dividends upon the debt and interest so established as of the day of the failure of the bank; and not upon the basis of the judgment if it includes interest subsequent to that date.

The facts are stated in the opinion of the court.

*Mr. S. V. White* for himself—plaintiff in error.

*Mr. Nathaniel Wilson* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit for mandamus to compel the Comptroller of the Currency to pay a dividend on a debt of the Miners' National Bank of Georgetown, Colorado, an insolvent national bank. The question argued in this court arises on the following facts:

The Miners' National Bank of Georgetown was put into insolvency by the Comptroller of the Currency, and a receiver appointed about the 20th of December, 1875. It owed a large amount of debts, and among the rest about $60,000 to White, the relator, which the comptroller refused to allow. White thereupon brought suit to have his claim adjudicated, and on the 23d of June, 1883, he recovered a judgment against the bank for $104,523.72, that being the amount of his claim with interest added to the date of the judgment. Between the time of the failure of the bank and the judgment, the comptroller had paid to the other creditors, under the requirements of section 5236 of the Revised Statutes, ratable dividends, amounting in the aggregate to sixty-five per cent. on the amounts due them respectively, as of the date when the bank failed. As soon as the claim of White was adjudicated, the comptroller calculated the amount due him according to the judgment as of the date of the failure, and paid him sixty-five per cent. on that amount. The sum paid in this way was $46,560.75, which it is conceded, was the true amount due him on the basis of distribution assumed by the comptroller. White claimed that the dividend should be paid on the face of the judgment, which would have given him $67,940.41. The difference between the amount claimed and that paid is $21,379.66. The present suit was brought to compel the payment of this difference. The court

below decided in favor of the comptroller, and White sued out this writ of error for the review of a judgment to that effect.

The pleadings are somewhat inartificially drawn, but both parties ask that all matters of form may be disregarded, and their rights determined upon the fact, about which there is no disagreement.

Section 5236 of the Revised Statutes, under which the question to be decided arises, is as follows :

" From time to time . . . the comptroller shall make a ratable dividend of the money . . . paid over to him by such receiver, on all such claims as may have been proved to his satisfaction or adjudicated in a court of competent jurisdiction, and, as the proceeds of the assets of such association are paid over to him, shall make further dividends on all claims previously proved or adjudicated."

The comptroller decided that the payment to White should be on the basis of the amount due him on his adjudicated claim as of the date of the failure of the bank, because the dividends to the other creditors had been calculated in that way, and all he was entitled to was a share in the proceeds of the assets equal to what had been distributed to others during the pendency of his litigation. In this we think the comptroller was right. Dividends are to be paid to all creditors ratably, that is to say, proportionally. To be proportionate they must be made by some uniform rule. They are to be paid on all claims against the bank previously proved and adjudicated. All creditors are to be treated alike. The claim against the bank, therefore must necessarily be made the basis of the apportionment.

If the comptroller is satisfied with the proof which is furnished to him he can allow the claim, and when the allowance is made the creditor becomes entitled at once to participate in all dividends that may be declared. If the comptroller declines to recognize the claim as valid, it must be established by the adjudication of some competent court before it can share in the distribution of assets. When adjudicated in favor of the cred-

itor it is established as a claim against the bank and must be treated accordingly by the comptroller.

The business of the bank must stop when insolvency is declared. Rev. Stat. sec. 5228. No new debt can be made after that. The only claims the comptroller can recognize in the settlement of the affairs of the bank are those which are shown by proof satisfactory to him or by the adjudication of a competent court to have had their origin in something done before the insolvency. It is clearly his duty, therefore, in paying dividends, to take the value of the claim at that time as the basis of distribution. If interest is added on one claim after that date before the percentage of dividend is calculated, it should be upon all, otherwise the distribution would be according to different rules, and not ratably as the law requires.

It is insisted, however, on the part of the relator, that he is entitled to dividends on his judgment, as that is the amount adjudicated to him, and the advantage he will get in this way is no more than just, because of the trouble and expense he was put to in carrying on his litigation, and the delay he has suffered in getting his money. The question here is not whether he should be paid interest on the several items of percentage which make up the aggregate of sixty-five per cent., from the time of the payments of dividends to other creditors until his claim was adjudicated, but whether the amount of his judgment must be taken as the sum on which his dividend is to be paid. As has already been seen, the dividends are to be paid on the adjudicated claim, not on the amount due upon the claim when adjudicated. The judgment established the claim as a claim against the bank at the time of the insolvency, and the amount due when the judgment was rendered. Thus the claim was adjudicated, and the amount due at the date of the judgment ascertained; but for the comptroller to pay the relator on the amount due him at that time, and the other creditors on the amount due them eight years before, when the insolvency occurred, would certainly not be making ratable dividends from the assets on all claims against the bank. It was clearly right, therefore, to ascertain from

the judgment how much was due on this claim at the date of the insolvency and make the distribution accordingly.

The trouble and expense which the relator has been put to for the establishment of his claim are but incidents to the business in which he was engaged. It was the duty of the comptroller, if not satisfied of the correctness of the claim when presented, to disallow it, and, if an attempt was made to obtain its adjudication, to make such defence as in his judgment was proper. No provision is made by law for the payment of the expenses of the claimant in his litigation beyond the taxable costs, and necessarily that loss must fall on him as it does on every one who has the misfortune to be driven to the courts for the judicial determination of his rights.

The court below having refused the mandamus, its judgment to that effect is

*Affirmed.*