### DUNNAGAN v. BEST.

No. 396.

District Court, W. D. Texas, Austin Division.

May 24, 1932.

William J. Berne, of Fort Worth, Tex., for plaintiff.

W. B. Abney, of Lampasas, Tex., for defendant.

McMILLAN, District Judge.

Plaintiff, Carrie R. Dunnagan, on August 4, 1930, loaned to the First National Bank of Lometa, Tex., on solicitation of W. W. Tippen, president of that bank, the sum of $3,000. At that time the plaintiff signed and delivered her check for that amount, payable to the order of the First National Bank of Lometa, Tex., and drawn on the First National Bank in Dallas, Tex. The check was received by the First National Bank of Lometa, Tex., deposited, cleared through the regular channels, and credited to the account of said defendant bank. At the time of the delivery of the check, the

defendant bank, acting through its president, W. W. Tippen, executed and delivered the note sued on in this case, said note being dated at Fort Worth, Tex., August 4, 1930, being for the sum of $3,000, payable to the plaintiff or order, with interest from date at the rate of 8 per cent., on September 15, 1930, and containing the usual provision of 10 per cent. for attorney's fees in event of default. Prior to the maturity of the note, the bank, being insolvent, closed its doors, and the defendant Best was placed in charge by the Comptroller of the Currency of the United States. On October 18, 1930, the note having matured, plaintiff made claim to the receiver. The claim has never been allowed by the receiver, nor has any payment been made on it. The bank is still insolvent, and its assets will be insufficient to liquidate its outstanding indebtedness, without regard to the interest of the stockholders. The receiver has paid two dividends to the creditors whose claims have been allowed; the first dividend amounting to 20 per cent. and the second to 10 per cent.

The receiver testified that it appeared to him, from the books of the bank which came into his possession as receiver, that the money received by the bank on Mrs. Dunnagan's check was used for the purpose of paying a note that was in the bank of W. L. Cuthbert's, that his theory was that Mrs. Dunnagan's loan was to Tippen, president of the bank, personally, and that he took out W. L. Cuthbert's note with that loan. There is no positive evidence that these are the true facts in the case, and the testimony goes no further than to raise a scant suspicion, on the part of the receiver, that his theory may be correct. Accordingly, I find the fact to be that the loan was to the bank, and that the bank received the benefit of the money.

I further find that the president of the bank, W. W. Tippen, had been accustomed to borrow money for the bank, with the knowledge and consent of the directors, and frequently under their direction, that he was pursuing this course of conduct up to and at the time that the loan was made by Mrs. Dunnagan, and that his action in the premises had never been questioned or repudiated in any way by the directors, despite the fact that they were well advised that he was pursuing this policy.

After the maturity of the note, and after the bank had been placed in the hands of a receiver, and after the receiver had failed and refused to allow the claim of the plaintiff or make any payment thereon, the note was placed by the plaintiff in the hands of her attorney for collection, and he instituted this suit thereon.

■ I am of the opinion that under the law as applied to the facts in this case the president was authorized to execute this note for the bank. Hanover Nat. Bank v. First Nat. Bank (C. C. A.) 109 F. 421; Burrowes v. Nimocks (C. C. A.) 35 F.(2d) 152. However, regardless of that conclusion, the finding that the bank received the proceeds of the loan concludes that issue in plaintiff's favor, there being no evidence that she had any control over the subsequent disposition of the fund or connived at or agreed to its misapplication, if in fact it was misapplied. Aldrich v. Chemical Nat. Bank, 176 U. S. 618, 20 S. Ct. 498, 44 L. Ed. 611. Accordingly, I conclude as a matter of law that the plaintiff is entitled to recover from defendant the face of her note, to wit, $3,000, with interest thereon to the date of the closing of the bank, and that same should be paid in due course of the administration of the assets of said bank, the decree to provide for the payment now by the receiver to the plaintiff of her proportionate part, to wit, a dividend of 30 per cent., and for such additional dividends as may be declared and paid in the future.

■■ I am further of the opinion that the claim for attorney's fees should be denied, on the authority of such cases as Citizens' Bank & Trust Co. v. Thornton (C. C. A.) 174 F. 752, and the cases following it, and that interest as provided for in the face of the note should be denied from the date of the closing of the bank, on the authority of such cases as White v. Knox, 111 U. S. 784, 4 S. Ct. 686, 28 L. Ed. 603, and the authorities following it. This last statement, however, is subject to the exception that, in my opinion, interest should be allowed at the legal rate on the amount of the dividends which the plaintiff would have received if she had been paid at the time the other creditors were paid. While there is very respectable authority to the effect that the other creditors of the bank should not suffer or be penalized by reason of the misfeasance or mistake of the receiver, still I am inclined to think that, in order to place the plaintiff on a parity with the other creditors, she is entitled to receive interest on the amount of dividends which she should have received, from the time they should have been paid to her. This clearly appears to be the ruling of the Supreme Court in Armstrong v. American Exchange Bank, 133 U. S. 433, 10

S. Ct. 450, 33 L. Ed. 747. The record is not entirely clear as to the time when these dividends were paid, but this is a matter which can be easily ascertained and definitely determined by the parties.

A decree along these lines may be prepared by counsel for the plaintiff and submitted to defense counsel for approval and to the court for entry.