SHAW, Banking Commissioner of Texas, et al.
v. HALBERT.

No. 1182.

Court of Civil Appeals of Texas. Eastland.

Jan. 5, 1934.

Rehearing Denied Feb. 16, 1934.

Jno. W. Goodwin and Joe T. Goodwin, both of Austin, for appellants.

Kirby, King & Overshiner, of Abilene, for appellee.

CONNER, Special Chief Justice.

E. W. Halbert, as guardian of two minors, recovered judgment for damages in a suit against the Texas & Pacific Railway Company for $6,000, which was, under proper order of the district court, paid into the register of the court, and the clerk of said court thereafter drew two checks payable to the order of said guardian, who acting through, evidently, his attorney in the damage suit deposited the two checks each in the sum of $3,000 in the Texas State Bank of Eastland, with the following indorsement on each, "Pay for deposit only, E. W. Halbert, Guardian, by Frank Sparks." There is no allegation nor evidence in the record as to other circumstances regarding such deposit at the time it was made. While there is no pleading by appellant to support any election of remedies by appellee, yet the agreed statement of facts shows that the guardian, upon the failure of the Texas State Bank, and after the commissioner took charge of its assets, filed with the commissioner a general creditor's claim against the defunct bank. There is no allegation of insolvency of the bank at the time of making said deposits, but the theory of appellee, as we understand it, is that the fact that the moneys so deposited being the property of the wards of the guardian, and the bank knowing of the trust relationship existing between the guardian and his wards at the time

of making said deposit of the two checks, there necessarily arose as a matter of law a like relationship between the bank and the wards.

■ We cannot agree to this proposition. The general presumption of law is that when a person makes a deposit in a bank, the relation between the two is that of general creditor and debtor. Kidder v. Hall, 113 Tex. 49, 251 S. W. 497; Tyler County State Bank v. Rhodes (Tex. Civ. App.) 256 S. W. 947; Shaw v. McBride (Tex. Civ. App.) 9 S.W.(2d) 410, affirmed (Tex. Com. App.) 27 S.W.(2d) 121. In order to establish a trust relationship, it is necessary for the depositor to allege and prove the existence of a contract or agreement at the time of the deposit that the money was received by the bank, either to be kept by it and returned in kind, or that the deposit was made for a specific purpose assented to by the bank. No particular form of words is necessary to create a trust relationship, but it certainly is necessary that this trust must be created by reason of the words used or the circumstances surrounding the deposit. Shaw v. Davidson (Tex. Civ. App.) 19 S.W.(2d) 789; First National Bank of Ranger v. Price (Tex. Civ. App.) 262 S. W. 797. Here we have no pleading or proof of any agreement or understanding of any kind at the time of the deposit. On the contrary, the fact that the guardian filed a claim against the insolvent bank as a general creditor gives some force to the contention that at the time of the deposit no special agreement existed as to character of the deposit. It is, however, contended that the bank having knowledge of the trust relationship existing between the guardian and wards at the time of the deposit, it would be presumed that a like relationship would arise between the bank and wards upon the making of the deposit by Mr. Sparks. There might be some

merit to this contention if the guardian was without lawful authority to make a general deposit, but it is expressly held in the case of Shaw v. Dalston (Tex. Civ. App.) 18 S.W. (2d) 215, 217 (writ refused), that a guardian has authority to make a general deposit for at least a temporary period. There is no evidence as to the terms or length of time or the circumstances under which the deposit in question was made.

Many objections have been made to a consideration of the various assignments of error presented by appellant, and some of which are meritorious, but we believe there are some assignments not subject to criticism which raise the controlling question above discussed and, therefore, such objections become immaterial and are overruled; likewise the assignments of appellant as to the sufficiency of appellee's petition are overruled; it clearly appearing therefrom that appellee alleges a cause of action as to a right of recovery as a general creditor.

■ It is therefore the opinion of this court that the judgment of the trial court should be reformed, and, as reformed, affirmed, allowing appellee a recovery for the amount of his debt sued for, as a general creditor, but without interest. A recovery of interest on either the debt or judgment is denied under the ruling announced in the following authorities: Thomas v. Western Car Co., 149 U. S. 95, 13 S. Ct. 824, 37 L. Ed. 663; White v. Knox, 111 U. S. 784, 4 S. Ct. 686, 28 L. Ed. 603; American Nat. Bank v. Williams (C. C. A.) 101 F. 943; Gaston & Ayres v. J. I. Campbell Co., 104 Tex. 576, 140 S. W. 770, 141 S. W. 515. The cost of this appeal is adjudged against appellee, and it is so ordered.

R. N. GRISHAM, Special Associate Justice, and LESLIE, Associate Justice, concur.