VARICK SPRING CORPORATION, Appellant, *v.* THE BANK OF UNITED STATES, Respondent.

(Argued April 27, 1934; decided May 22, 1934.)

*Samuel H. Sternberg* and *Louis P. Neustein* for appellant. The continuance of the lease and liability on its covenants remain unaffected by respondent's insolvency and the entry by the Superintendent of Banks. (*Matter of Union Bank,* 204 N. Y. 313; *Isaac* v. *Marcus,* 258 N. Y. 257; *People* v. *St. Nicholas Bank,* 3 App. Div. 544; 151 N. Y. 592; *People* v. *National Trust Co.,* 82 N. Y. 283; *People* v. *Globe Mut. Life Ins. Co.,* 91 N. Y. 174; *Chemical Nat. Bank* v. *Hartford Deposit Co.,* 156 Ill. 522; 161 U. S. 1; *Towle* v. *Comm. of Banks,* 246 Mass. 161; *Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280.) Appellant's claim is provable against the assets in possession of the Superintendent of Banks. (*People* v. *St. Nicholas Bank,* 151 N. Y. 592; *People* v. *National Trust Co.,* 82 N. Y. 283; *Matter of Ludeke,* 33 App. Div. 397; *Matter of Whitney,* 144 App. Div. 117; 202 N. Y. 580; *Matter of Otis,* 101 N. Y. 580; *Matter of Hevenor,* 144 N. Y. 271; *Gold* v. *Clyne,* 134 N. Y. 262; *Martin* v. *Black,* 9 Paige, 641; *People* v. *Security Life Ins. Co.,* 78 N. Y. 114; *Gray* v. *Kaufman Dairy & Ice Cream Co.,* 9 App. Div. 115; *Kottler* v. *New York Bargain House, Inc.,* 242 N. Y. 28.) The bankruptcy rule as to provability does not apply to the Banking Law.) (*Van Tuyl* v. *Scharmann,* 208 N. Y. 53; *People* v. *Remington,* 121 N. Y. 328; *Boardman* v. *Osborn,* 23 Pick. 295; *Denny* v. *Manhattan Co.,* 2 Hill, 220.)

*Martin A. Schenck, Byron Clark, Jr., C. Alexander Capron* and *David Kelly* for Jacob Ruppert Realty Corporation *et al., amici curiæ.*

*Edward Feldman, Arthur Ofner, Warren C. Fielding* and *Carl J. Austrian* for respondent. Appellant's claim

for rent to accrue after the Superintendent took possession is so contingent and uncertain that it cannot be permitted to participate with other general claims in the distribution of the assets of the bank. (*Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28; *Deane* v. *Caldwell*, 127 Mass. 242; *Stafford Security Co.* v. *Kremer*, 258 N. Y. 1; *Apex Leasing Co.* v. *Litke*, 173 App. Div. 323; *Schenck* v. *Lewis*, 121 Misc. Rep. 370; *Witthaus* v. *Zimmermann*, 91 App. Div. 202; *Scott* v. *Demarest*, 75 Misc. Rep. 289; *Gold* v. *Clyne*, 134 N. Y. 262; *Sanford* v. *Rhoads*, 113 App. Div. 782; *Thistle* v. *Jones*, 123 App. Div. 40; *Bottlers Seal Co.* v. *Rainey*, 225 N. Y. 369.) Provability does not depend on and has no relation to the scope of the stockholders' liability for assessment. (*Brewster* v. *Deschutes County*, 1 Pac. Rep. [2d] 607; *Salem Water Co.* v. *City of Salem*, 5 Ore. 29; *Matter of Hevenor*, 23 N. Y. Supp. 1092; *Sanford* v. *Rhoads*, 99 N. Y. Supp. 407; *Witz* v. *Mullins*, 90 Va. 805; *McElfresh* v. *Kirkendall*, 36 Iowa, 224; *Fidelity & Deposit Co.* v. *Commonwealth Trust Co.*, 65 Misc. Rep. 88; *Cochran & Sayre* v. *United States*, 157 U. S. 286; *Niles Water Works* v. *City of Niles*, 59 Mich. 311; *Crowley* v. *Potts Estate*, 180 Minn. 234; *Commissioner of Banks* v. *Cosmopolitan Trust Co.*, 247 Mass. 334; *Phillips* v. *Blatchford*, 137 Mass. 510; *Savage* v. *Shaw*, 81 N. E. Rep. 303; *Turner* v. *First Nat. Bank*, 26 Iowa, 562.) Appellant is not a " claimant " or a " creditor " within the meaning of the Banking Law (Cons. Laws, ch. 2). (*Matter of Egan*, 258 N. Y. 334; *Young* v. *Heermans*, 66 N. Y. 374; *Citizens Nat. Bank* v. *Fonda*, 18 Misc. Rep. 114; *O'Brien* v. *Whigam*, 9 App. Div. 113; *Marcus* v. *Kane*, 18 Fed. Rep. [2d] 722; *Gannard* v. *Eslava*, 20 Ala. 732; *Anderson* v. *Anderson*, 64 Ala. 403; *Karst* v. *Gane*, 16 N. Y. Supp. 385; 136 N. Y. 316; *Marstaller* v. *Mills*, 143 N. Y. 398; *Turner* v. *First Nat. Bank*, 26 Iowa, 562; *Nicolin* v. *Weiland*, 55 Minn. 130; *Matter of Chestnut St. Trust & Savings Fund Co.*, 217 Penn. St. 151; *Jacobs* v. *Commissioner of Internal Revenue*, 34 Fed. Rep. [2d] 233.)

POUND, Ch. J. Appellant, a domestic corporation, is the owner of premises known as 137–141 Varick street in the city of New York. On or about November 19, 1925, it leased to the Central Mercantile Bank of New York the ground floor in said building for the term beginning February 1, 1926, and ending April 30, 1946, at annual rentals as follows:

From February 1, 1926, to February 1, 1929, $8,300 per annum.

From February 1, 1929, to February 1, 1931, $10,300 per annum.

From February 1, 1931, to February 1, 1936, $12,000 per annum.

From February 1, 1936, to April 30, 1946, $13,000 per annum.

Rent was payable in equal monthly installments in advance on the first day of each and every calendar month during the term.

The Central Mercantile Bank entered into possession of the premises upon the commencement of the term and continued in possession thereof until on or about May 18, 1928, when it was merged with the Bank of the United States under and pursuant to the Banking Law (Cons. Laws, ch. 2) of the State of New York. The Bank of United States continued in possession of the said premises paying the rent therefor on the first day of each and every month to and including the 1st day of December, 1930, for the month ending December 31, 1930.

On December 11, 1930, the Superintendent of Banks took possession of the business and assets of the Bank of United States pursuant to the Banking Law of the State of New York for the purpose of liquidating the same. On that day the Bank of United States was insolvent. Its assets were insufficient to pay and the bank has been unable to pay its debts and obligations then matured and currently maturing. The bank still remains insolvent.

On July 7, 1931, the Superintendent of Banks notified the appellant that he had elected to repudiate the lease and that he would vacate the premises on or before July thirty-first. The premises were actually vacated by the Superintendent on August 15, 1931, and appellant was paid by the Superintendent for the use and occupation of the premises to that date.

The appellant never accepted any surrender of the premises, but on the contrary maintained that it would not consider the lease canceled and that it would continue to hold the bank under the terms of the lease.

Since the premises were vacated by the Superintendent of Banks on August 15, 1931, they have remained vacant and unoccupied. The landlord has not sublet the same nor has he received any rent or payment on account of the premises since that time.

In accordance with the provisions of the Banking Law appellant filed a claim for the rent to accrue under its lease. The claim was rejected and this action followed.

In this action the appellant demands judgment for the full amount of the rent for the balance of the term, viz., $193,000, less the amount paid by the Superintendent of Banks for the use and occupation of the premises from December 11, 1930, to August 15, 1931, viz., $7,333.33, or a net amount of $185,666.67. Appellant further demands that the Superintendent be directed to set apart such sum of $185,666.67, or at least the amount necessary to pay dividends on such claim equal to the dividends paid to other creditors of the bank. It further demands that out of such sum the Superintendent be directed to pay dividends on all rents which have accrued up to the date of the judgment to be entered herein and that he be directed further to pay dividends on rent monthly as it accrues for the balance of the term of the lease.

Respondent opposes the allowance of the claim on the ground that only such claims that were definite and certain when the Superintendent of Banks took possession

of the assets of the Bank of United States, are entitled to participate in the distribution of its assets; that appellant's claim was then, and is now contingent, and should, therefore, be disallowed.

The claim has been rejected below on the ground that appellant's claim for rent to accrue after the Superintendent took possession is so contingent and uncertain that it may not participate with the general claims in the distribution of the assets of the bank.

It is contended by the appellant that when an ordinary corporation becomes insolvent, the only security which the creditors have is the assets which constitute the trust fund, created and existing to pay debts; that claims provable against the fund are primarily for " debts," technically so called; that when a banking corporation becomes insolvent, the creditors have not only the security of the assets but the additional security of the stockholders' liability, co-extensive with that of the bank, for all the contracts, debts and engagements of the bank (Banking Law, § 120) based on the constitutional provision imposing upon the stockholders liability for all the corporate liabilities of every kind (Const. art. VIII, § 7); and that this liability attaches when the contract is entered into, regardless of when or if a debt is ever created. It further contends that because of the comprehensive nature of the liability created by the Constitution, the Banking Law does not provide for proof or payment of " debts " but refers throughout to " claims," and that neither the Constitution nor the Banking Law makes any distinction between claims nor gives the holder of claims which are certain and fixed priority or preference over the holder of claims which are contingent.

In *Kottler* v. *New York Bargain House, Inc.* (242 N. Y. 28, 35), this court said that in a controversy between a landlord and an assignee for the benefit of creditors the claim of the landlord to participate in the assets by reason of a deficiency of rents accruing after the assign-

ment must be rejected. The court approved the rule of the Massachusetts courts (*Deane* v. *Caldwell*, 127 Mass. 242; *Towle* v. *Commissioner of Banks*, 246 Mass. 161) that such claims fall outside of any possible statutory right to share in dividends ordered to be paid on claims which existed when the Superintendent took possession.

A distinction may be drawn between " debts," " claims " and " liabilities," and the provisions of the Banking Law may be construed as creating such a distinction, but it would seem best to adhere to the rule as stated by CARDOZO, J., and concurred in by the court.

The judgment should be affirmed. with costs.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.