In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and to Rehabilitate the LAWYERS TITLE AND GUARANTY COMPANY.

In the Matter of the Application of BURROUGHS, WELLCOME & Co. (U. S. A.), INC., for Permission to Sue LAWYERS TITLE AND GUARANTY COMPANY and GEORGE S. VAN SCHAICK, as Rehabilitator of LAWYERS TITLE AND GUARANTY COMPANY.

Supreme Court, New York County, October 3, 1934.

*Davies, Auerbach & Cornell* [*Martin A. Schenck* and *Kenneth W. Greenawalt* of counsel], for the plaintiff.

*Harry Rodwin* [*Harry Rodwin, Joseph J. Corn, Jr.*, and *Irving H. Jurow* of counsel], for the defendants.

FRANKENTHALER, J. This is a motion by plaintiff for judgment on the pleadings against defendants, Lawyers Title and Guaranty Company and George S. Van Schaick, Superintendent of Insurance, as rehabilitator of that company. The first cause of action is against both defendants for rent from September 1, 1933, up to and including the month of March, 1934, and also for electric current charges payable under plaintiff's lease to defendant company. It is conceded that plaintiff is entitled to judgment against the *company* on this cause of action. As to the Superintendent of Insurance as rehabilitator, the court is of the opinion that he is liable only if he assumed the obligations of the lease or else took possession, occupancy or control of the demised premises. As the allegations of the complaint that the rehabilitator was in possession, occupancy and control and that he continued to keep a porter on the premises have been denied in the answer, an issue of fact is presented which precludes the granting of this motion (based solely on the pleadings) as to the rehabilitator.

The second cause of action seeks judgment against both defendants for the reasonable value of the use and occupation of the demised premises from September 1, 1933, up to March 1, 1934, and for the reasonable value of the electric current. In view of the fact that plaintiff is entitled to judgment against the company on the first cause of action for rent and electric current covering the same period as that embraced in the second cause of action, it is clear that plaintiff may not hold the company liable on the latter cause of action. Nor is plaintiff entitled to judgment on the pleadings against the rehabilitator, the latter having denied that the letter of August 22, 1933, was sent by him or on his behalf, or that he made any payments, or that he was in possession, occupancy or control of the leased premises. Although the answer admits that the letter was sent and that a payment was made to plaintiff, it does not admit that the *rehabilitator* sent the letter or made the payment.

The third cause of action seeks to recover against both defendants on the theory of an anticipatory breach of the lease. No cause of action for rent is stated as against the company since no recovery may be had for installments of rent not yet payable under

the terms of the lease. If, on the other hand, plaintiff has elected to terminate the lease, no cause of action for damages arises until the expiration date fixed therein in the absence of an express covenant to the contrary, of which no mention is made in the complaint. (*Hermitage Co.* v. *Levine*, 248 N. Y. 333, 337, 338.) (See, also, *McCready* v. *Lindenborn*, 172 id. 400.) As the complaint fails to state a good cause of action against the company, it follows that the pleading is equally insufficient as to the rehabilitator. (See, also, *Varick Spring Corp.* v. *Bank of United States*, 264 N. Y. 297; *Kottler* v. *New York Bargain House, Inc.*, 242 id. 28, 35; *Stafford Security Co.* v. *Kremer*, 258 id. 1, at pp. 3 and 4.)

In the fourth cause of action a declaratory judgment is sought as to the rights of the parties in various respects and contingencies. Subdivision a of paragraph 4 of the prayer for relief seeks a declaration from the court that the lease is an outstanding obligation, unaffected by the rehabilitation proceedings, or anything done by the defendants, and that neither of the defendants is empowered to abrogate or terminate the lease or escape liability thereunder. The court has already sufficiently indicated herein its views on this subject. The proper answers to the requests in subdivisions b, c and d of paragraph 4 of the prayer for relief depend upon the facts ultimately found upon the trial. Accordingly no judgment on the *pleadings* may be granted. The request contained in subdivision e of paragraph 4 of the prayer for relief is entirely too broad and general to be answered, in addition to which the request may in no event be answered until the exact factual situation has been determined at the trial.

As rule 112 of the Rules of Civil Practice provides that the court may give judgment without regard to which party makes the motion, the present motion is granted to the following extent: judgment on the first cause of action is awarded to plaintiff as against the defendant company and the complaint is dismissed as to the rehabilitator; the second cause of action is dismissed as to the company, but as to the rehabilitator neither party is entitled to judgment, issues of fact being presented which may only be determined upon the trial; the third cause of action is dismissed as to both defendants; judgment in favor of plaintiff is granted as to the fourth cause of action to the extent of declaring that the lease is not terminated as to the company by the rehabilitation proceedings or anything done by the defendants and that the liability of the rehabilitator depends upon the nature of his conduct in respect to the lease. Plaintiff will be given leave to serve an amended complaint within ten days from the service of a copy of the order to be entered hereon with notice of entry thereof. Settle order.