RICHMAN v. FIRST METHODIST EPISCOPAL CHURCH OF COLLINGSWOOD, N. J.

FIRST METHODIST EPISCOPAL CHURCH OF COLLINGSWOOD, N. J., v. RICHMAN et al.

Nos. 5569, 5577.

Circuit Court of Appeals, Third Circuit.

Feb. 27, 1935.

George M. Stevens, of Camden, N. J., and Ralph C. Binford, of Washington, D. C., for receiver.

Henry F. Stockwell and Bleakly, Stockwell & Burley, all of Camden, N. J., for First Methodist Episcopal Church of Collingswood.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These are cross-appeals from a decree of the District Court for the District of New Jersey. The church building of the plaintiff was destroyed by fire. It collected upon policies of insurance $62,424.42 for such loss. The plaintiff and Collingswood National Bank of Collingswood, N. J., entered into a contract of agency under which the funds derived from the insurance were to be kept separate and apart from other moneys of the bank except trust funds. The bank placed in a safe deposit box in its trust department $65,000 in municipal bonds as security for compliance with the terms of the agreement. Thereafter the bank became insolvent. Of the $65,000 in the safe deposit box, the conservator of the bank removed $35,000.

The plaintiff filed a bill in equity in which it claimed a lien upon the $30,000 in municipal bonds remaining in the safe deposit box, upon the $35,000 in municipal bonds removed by the conservator, and upon $65,000 of the general assets of the bank. The District Court by its decree granted the church the right to a lien upon the municipal bonds, but denied it the right to a preferential payment out of the general assets of the bank. The defendant, the receiver of the bank, has appealed from so much of the decree as allowed a lien upon the municipal bonds; and the plaintiff has appealed from so much thereof as denied the right to a preferential payment out of the general assets of the bank.

The defendant set up a plea of ultra vires based upon 12 USCA § 248 (k), which provides:

"No national bank shall receive in its trust department deposits of current funds subject to check or the deposit of checks, drafts, bills of exchange, or other items for collection or exchange purposes. Funds deposited or held in trust by the bank awaiting investment shall be carried in a separate account and shall not be used by the bank in the conduct of its business unless it shall first set aside in the trust department United States bonds or other securities approved by the Federal Reserve Board.

"In the event of the failure of such bank the owners of the funds held in trust for investment shall have a lien on the bonds or other securities so set apart in addition to their claim against the estate of the bank."

There are three contentions on the part of the defendant: First, that the funds in suit were subject to check and therefore not the type of deposit which a national bank could receive in its trust department; second, that the securities in fact set aside by the bank were municipal bonds which had not received the express approval of the Federal Reserve Board; and, third, that the funds were not awaiting investment and were therefore improperly held by the trust department of the bank.

In disposing of the first contention, we find that the agreement contains no provisions for withdrawal by check in the ordinary sense of that term. The sixth paragraph of the contract, upon which the defendant relies, is as follows:

"The principal funds, and or accrued interest, may be withdrawn by the Church from the custody of the Bank as such agent, upon compliance with the following conditions:

"The Bank shall and will deliver to any person or transfer to any account designated in an order in writing signed by one Officer and the Treasurer of the Church, and the Bank shall be entitled to an appropriate receipt signed by the recipient covering such a withdrawal."

As there is nothing in the language of that paragraph which indicates that the deposits received in the trust department were subject to check, our view is that the contract was not, upon that ground, ultra vires.

The District Judge held that the requirement that the Federal Reserve Board expressly approve of the securities set aside by the bank was for the benefit of the cestui que trust and not a condition of the deposit as security. We find no error in his disposition of the second contention.

We think the facts do not substantiate the third contention that the funds were not awaiting investment. The trust ledger designated the funds as "uninvested trust funds," and there was evidence to the effect that the church officials had delivered an order to the bank directing it to purchase government bonds for the trust account. Inasmuch as the funds were in fact awaiting investment, they were properly held by the trust department of the bank.

The plaintiff maintains in its cross-appeal that the bank mingled the plaintiff's funds with its own, that from the date of the contract to the date of the closing of the bank the cash in the bank exceeded any amount needed to cover all trust items, and that the plaintiff's funds did in fact augment the assets of the bank which came into possession of the conservator. The District Judge said: "I am constrained to hold that the proofs do not show an augmentation of the funds of the bank, traced directly into the hands of the conservator, and that, consequently, no preference against the general assets of the bank has been established."

The plaintiff has not pointed to evidence which convinces us of error in that finding.

The decree of the court awarded interest on the funds from March 6, 1932, to March 13, 1934. The defendant assigns as error the award of interest from March 24, 1933, the date of the appointment of the conservator. The District Judge fixed the date when interest terminated as of March 13, 1934, the date when the receiver was appointed. Interest is not allowable, as a general rule, after property of an insolvent is in custodia legis. Ohio Savings Bank & Trust Co. v. Willys Corp. (C. C. A.) 8 F. (2d) 463, 44 A. L. R. 1162. This has been specifically ruled as to national banks. White v. Knox, 111 U. S. 784, 4 S. Ct. 686, 28 L. Ed. 603. The Act of March 9, 1933; § 203 (12 USCA § 203) defines the rights of parties in interest upon the appointment of a conservator: "Such conservator shall have all the rights, powers, and privileges now possessed by or hereafter given receivers of insolvent national banks and shall be subject to the obligations and penalties, not inconsistent with the provisions of this title, to which receivers are now or may hereafter become subject. During the time that such conservator remains in possession of such bank, the rights of all parties with respect thereto shall, subject to the other provisions of this subchapter, be the same as if a receiver had been appointed therefor."

In our opinion it was error to allow interest after March 24, 1933, the date of the appointment of the conservator.

It is ordered that the decree of the court below be modified accordingly, and, as modified, be affirmed.