LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of the CONCORD CASUALTY AND SURETY COMPANY, Plaintiff, *v.* HARRIMAN NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK and Another, Defendants.

First Department, May 1, 1936.

*Seymour Joseph* of counsel [*Walter B. Herendeen*, attorney], for the plaintiff.

*William J. Butler* of counsel [*John Vance Hewitt* and *David Asch* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman*, attorneys], for the defendants.

TOWNLEY, J. This submission raises the question whether the receiver of the Harriman National Bank and Trust Company must accept a claim made by a surety company for expenses incurred in defending a suit on a bond. The bond was a guaranty against loss of the deposits maintained by the public administrator of New York county in the insolvent bank. The Concord Casualty and Surety Company (hereinafter called the surety) executed two bonds in favor of the public administrator to insure the repayment of his deposits. The Harriman National Bank and Trust Company, as a condition of the undertaking of the surety, executed three indemnity agreements.

On March 2, 1933, while the bonds which had been renewed were in force, the surety gave the public administrator notice that it elected to cancel the bonds as of March 9, 1933, and tendered the unearned premium. On March 4, 1933, the bank closed owing to the proclamations of the Governor of the State of New York and of the President of the United States. The bank never reopened.

A conservator was appointed on March 13, 1933, and on October 16, 1933, the defendant receiver was appointed and the Comptroller of the Currency of the United States certified that the bank was insolvent. The public administrator had on deposit a balance of more than $313,000 at the date of closing. On May 14, 1933, he demanded the payment of this balance from the conservator, and the demand was refused.

The public administrator also had a joint bond in the amount of $150,000 executed by three other casualty companies to cover the same deposits. On March 14, 1933, he demanded payment of $100,000 from the surety. On August 5, 1933, the conservator of the bank paid $156,514.66 to the public administrator. This represented a fifty per cent dividend on the public administrator's deposit. A further ten per cent dividend, amounting to $31,302.93, was paid in December, 1935. The three other casualty companies which had furnished a joint bond also made payments totaling $93,908.79. This amount was reached by charging each company one-fifth of the balance remaining unpaid in the accounts after the declaration of the fifty per cent dividend.

Demand was then made by the public administrator upon the Concord Casualty and Surety Company for the sum of $62,605.88, which sum represented two-fifths of the amount of the public administrator's deposit in the Harriman National Bank and Trust Company remaining unpaid. The surety refused for various reasons to make any payment. The question was litigated to the Court of Appeals and that court finally declared that the surety must pay $50,009.22, with interest. (*City of New York* v. *Van Schaick*, 267 N. Y. 517.) This litigation cost the surety an amount which has been determined to be $2,597.47. On May 8, 1935, the Superintendent of Insurance, as liquidator of the surety, filed a proof of claim with the defendants demanding payment of these expenditures. The receiver rejected the claim.

The plaintiff contends that he has a valid claim against the receiver for the sum mentioned and that it should be paid during the course of the administration. The defendants rejected the claim on two grounds: *First*, that the bank was without power to execute the indemnity agreements in question and that neither of the defendants can be charged with any obligation thereunder, and *second*, that the claim accrued after the commencement of the liquidation and may not be enforced against the receiver, since it had not matured on the date of the insolvency of the bank.

Aside from any question as to the power of a national bank to make the agreement upon which this claim is based, it cannot be enforced because it accrued after the commencement of the liquida-

tion. The bank closed on March 4, 1933, and was then insolvent. It was certified as insolvent on October 16, 1933, when the receiver was appointed. The litigation, in the course of which the surety incurred the expenses which it now seeks to recover, was commenced after November 9, 1933, the date of the public administrator's demand upon the surety. The amount was not fixed until the decision of the Court of Appeals on April 16, 1935. The claim, therefore, was not only undetermined in amount on the date of the insolvency, but in fact did not exist at all.

It is well settled that the only claims entitled to allowance in the liquidation of a national bank are those in existence on the date of the insolvency. In *Citizens' Bank & Trust Co.* v. *Thornton* (174 Fed. 752) the defendant was the receiver of a national bank. The bank had indorsed a promissory note which contained an agreement to pay costs and disbursements, including attorneys' fees, in litigation brought to enforce it. The note matured after the insolvency of the bank, and plaintiff sued the receiver. Plaintiff attempted to include in the judgment the costs of litigation, including attorneys' fees. The court held that this could not be done. (See, also, *Dunnagan* v. *Best,* 59 F. [2d] 795; *White* v. *Knox,* 111 U. S. 784; *Merrill* v. *National Bank of Jacksonville,* 173 id. 131.) The same rule has been established in the liquidation of New York State banks. (*Varick Spring Corp.* v. *Bank of United States,* 264 N. Y. 297.) Applying this principle to the facts herein, it is clear that the claim was rightly disallowed as one not matured at the date of insolvency.

As the conclusion which we have reached determines the controversy, we cannot authoritatively rule on the other matter presented for decision by this submission.

Judgment directed for the defendants, without costs.

MARTIN, P. J., McAVOY, O'MALLEY and GLENNON, JJ., concur.

Judgment unanimously directed in favor of the defendants, without costs. Settle order on notice.