**McCARTY v. GAULT.**
No. 13065.

District Court, D. Oregon.
Oct. 3, 1938.

978

P. W. Mahoney, of Heppner, Or., for plaintiff.

Jos. J. Nys, of Heppner, Or., for defendant.

JAMES ALGER FEE, District Judge.

Under the Conformity Act, 28 U.S.C.A. § 724, plaintiff filed an action at law ·to recover from defendant, receiver of a national bank, the amount of a stockholder's assessment paid by plaintiff upon assessment of the Comptroller of the Currency after the insolvency of the bank in the sum of $3,000 and $192.28 which he paid as accrued interest on the assessment and for interest at the rate of 6 per cent per annum on the installments thereof as paid.

An answer has been filed which admits the payments of principal and interest and the dates of the respective payments. It is admitted that the assessment on the stockholders was in the sum of $50,000, of which only $9,939.74 was collected, exclusive of interest. It is admitted that the depositors, the expenses of Receivership, and all other claims have been paid; that everything has been converted into cash; that the Receiver has enough cash to pay all the amounts paid in by the stockholders

and to pay 3 per cent upon the capital stock of $50,000.

A motion has been filed for judgment upon the pleadings.

 The Comptroller of the Currency, by virtue of authority vested in him by statute,[1] levied an assessment upon the shareholders of this national banking association, for the sole purpose of liquidating the "contracts, debts and engagements"[2] thereof. No express direction of this enactment required payment of interest to the Receiver upon delayed installments on the obligation so imposed upon the stockholders. Since the basic purpose underlying the Act was the creation of a debt founded upon the declaration of assessment, the federal courts, to insure prompt payment of the principal, construed the legislation as requiring interest upon sums not paid at date of the levy.[3] The principal of the assessment and the interest upon installments thereof stand upon exactly the same footing. The payments of either were compelled solely by the inherent intent of the governing statute. Repayment of "amounts which have been paid in" by a shareholder "upon and by reason of any and all assessments" "made upon the capital stock" of such association, is commanded by another section.[4] Interest paid by reason of the assessment no less than the principal thereof falls in this statutory category.

 The Acts of Congress relating to banking contain no such clear direction that interest shall be paid upon the sums paid in by virtue of an assessment.[5] Nor is there any judicial pronouncement specifically construing the particular clause of this statute. Where principles of equity and justice in the enforcement of an obligation demand, even though there is no legislative mandate, interest should be allowed.[6] Under another provision of the federal banking acts,[7] where the statute is silent upon the point, creditors of an insolvent national bank have been paid interest on obligations in the process of distribution of the assets.[8]

 The equities must then be placed in the balance to discover what proper distribution, under federal law, as interpreted by federal courts, should be made of the residue of this fund subsisting after all claims against the bank and expenses of administration have been paid. The claims first, of the Comptroller and Receiver; second, of the non-contributing stockholders; and lastly, of the contributing shareholders should be weighed.

 The Comptroller and Receiver are in the position of trustees of a fund

---

[1] See 12 U.S.C.A. Sec. 192.

[2] See 12 U.S.C.A. Sec. 64.

[3] Casey v. Galli, 94 U.S. 673, 677, 24 L.Ed. 168.

[4] The distribution required by the act (12 U.S.C.A. § 197) is as follows:

"First. To pay the expenses of the execution of the trust to the date of such payment.

"Second. To repay any amount or amounts which have been paid in by any shareholder or shareholders of such association upon and by reason of any and all assessments made upon the stock of such association by the order of the Comptroller of the Currency in accordance with the provisions of the statutes of the United States; and

"Third. The balance ratably among such stockholders, in proportion to the number of shares held and owned by each. Such distribution shall be made from time to time as the proceeds shall be received and as shall be deemed advisable by the said comptroller or said agent"

[5] See note 4.

[6] Billings v. United States, 232 U.S. 284, 288, 34 S.Ct. 428, 58 L.Ed. 608;

National Bank of Commonwealth v. Mechanics' National Bank, 94 U.S. 437, 439, 24 L.Ed. 176; Erskine v. Van Arsdale, 15 Wall. 75, 82 U.S. 75, 77, 21 L.Ed. 63; Redfield v. Bartels, 139 U.S. 694, 11 S. Ct. 683, 35 L.Ed. 310; See National Home for Disabled Volunteer Soldiers v. Parrish, 229 U.S. 494, 496, 33 S.Ct. 944, 57 L.Ed. 1296.

[7] Since the construction of a federal statute is under consideration, the general doctrine adhered to by federal courts will be applied. See Billings v. United States, supra, note 6. The rule applied in the state of Oregon has no application even though the bank is there located. Interest would probably not be allowed in an analogous situation by the state courts. See Holtz v. Olds, 84 Or. 567, 164 P. 583. The decision in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, does not affect this situation.

[8] United States v. Knox, 111 U.S. 784, 787, 4 S.Ct. 686, 28 L.Ed. 603; National Bank of the Commonwealth v. Mechanics' National Bank, supra, note 6, Douglass v. Thurston County, 9 Cir., 86 F. 2d 899, 909.

specially collected for the payment of obligations of the insolvent bank and the expenses of administration.[9] The receiver is not at fault but has acted in fulfillment of his official duties, and it may be assumed the fund has earned no interest.[10] But the purpose of the fund has been completely fulfilled. Therefore, neither the Receiver nor the Comptroller have longer a right to retain any portion of the money. The statute itself imperatively directs distribution.[11] Second, if payment of interest were made, no other trust fund or equitable claim would be prejudiced.[12] The shareholders, who notwithstanding the compulsion of law, contributed nothing to the fund, are entitled to little consideration. The stock held by each of them became a liability instead of an asset upon the incidence of insolvency. The statute indicates a purpose to give to these stockholders a share in the final residue only.[13] ▮ The stockholder who has paid the assessment in full, lastly, is given a peculiar position. He is entitled to enforce a liability of the bank to him upon the same footing as other claimants.[14] This privilege is not extended to a shareholder who has not paid the assessment. This divergence in position is illuminating and casts light upon the way to solution of the instant problem. By payment of his assessment, the contributing shareholder has furthered the liquidation of the assets of the insolvent. The present happy conclusion is the result in part of his contribu-

tion, enforced though it was by law. He paid in money on which otherwise he could have earned interest; the non-contributing stockholder did not further liquidation in the least. By payment of the assessments, the differentiation of the equitable position between the contributing and non-contributing stockholders was established.[15] If there are sufficient funds on hand after the liquidation of prior claims, interest should be paid to the contributing stockholders as a special class.

▮ The question as to whether the plaintiff in this case should recover interest is, however, a different one. The pleadings do not show definitely what amount is still remaining. It is not alleged how much may be due other contributing stockholders for interest paid by them upon deferred installments of the assessment. Thus, it can not be determined how much, if any, of the fund will remain to pay interest upon the sums contributed. Such a showing would be required before a judgment upon the pleadings could be intelligently pronounced.[16]

▮ Under the former practice, the court would have transferred this cause to the equity side. The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, now apply to future proceedings. The court is required under either procedure to deny the present motion because of the insufficiency of the facts set up to found a proper judgment. Leave is

**9** Richardson v. Louisville Banking Co., 6 Cir., 94 F. 442, 449.

**10** See Butler v. Western German Bank, 5 Cir., 159 F. 116, 118; Richardson v. Louisville Banking Co., supra, note 9. Where the question of allowance of interest to creditors of an insolvent national bank arose, the court say: "The purpose of this interest allowance is not to punish the receiver or the insolvent but to place all creditors on an equal footing." Douglass v. Thurston County supra, 86 F.2d 910, note 8.

**11** See statute quoted in note 4.

**12** Mention of this factor is made in Richardson v. Louisville Banking Co., supra, note 9. The distinction between the situation in the instant case and that case is, therefore, noteworthy.

**13** See statute, note 4.

**14** Oppenheimer v. Harriman National Bank & Trust Co., 301 U.S. 206, 214, 215, 57 S.Ct. 719, 724, 81 L.Ed. 1042.

**15** An argument could be based upon the language of the statute to the effect that the balance was to be distributed among the contributing shareholders to the exclusion of others. Note the "amounts which have been paid in by any shareholder or shareholders" of the second clause, and "the balance rateably among such stockholders." See Statute, note 4. But such a construction would be strained and inequitable in result.

**16** In discussing the allowance of interest to creditors in United States v. Knox supra, 4 S.Ct. 687, note 8. The court say: "If interest is added on one claim after that date before the percentage of dividend is calculated, it should be upon all, otherwise the distribution would be according to different rules, and not rateably, as the law requires." To the same effect, Douglass v. Thurston County, supra, note 8. Of course, in that case the statute directs that the distribution be made "rateably" but interest is not expressly required to be paid as above noted. The principle is therefore the same.

extended to the respective parties to amend the pleadings, to bring in other interested parties, or to take further action to present the controversy properly in accordance with the present practice.