PER CURIAM.
Appellant, the Federal Deposit Insurance Corporation (FDIC), as receiver for First American Bank and Trust, seeks review of a trial court order requiring it to pay the ap-pellees both pre-judgment and post-judgment interest on a $300,000 unsecured claim against the bank. We affirm in part, reverse in part and remand for further proceedings.
In order to avoid foreclosure on three parcels of property, the appellees, in December of 1987, entered into an agreement with First American whereby the mortgage debt of $3,541,160.81 would be forgiven in exchange for the appellees deeding the bank title to the subject properties. Among other provisions, the bank was obligated to pay the appellees $300,000 when two of the properties were sold. The bank in fact sold the two properties but refused to pay the appellees the $300,000 as required by the deed in lieu of foreclosure agreement.
As a result of the above, the appellees filed suit against the bank in April of 1988 seeking $300,000 in monetary damages and a constructive trust on the proceeds of the future sale of the third property. However, on December 15, 1989, First American was declared insolvent and FDIC was appointed receiver and substituted as a party. Eventually, the trial court determined that FDIC had the right to repudiate the deed in lieu of foreclosure agreement pursuant to 12 U.S.C. § 1821(e). Regarding the previously sold properties, the trial court awarded the appel-lees a $300,000 unsecured claim against FDIC.
The appellees appealed the final judgment and this court determined that FDIC could not retroactively apply 12 U.S.C. § 1821(e) to repudiate the deed' in lieu of foreclosure agreement. Levine v. Federal Deposit Ins. Corp., 651 So.2d 134 (Fla. 4th DCA), rev. denied, 660 So.2d 713 (Fla.1995). However, the propriety of the $300,000 claim was never raised nor resolved in this previous appeal. Id. at 136 n. 1.
During the pendency of the previous appeal, the appellees filed a motion to compel the payment of the • aforementioned unse *538 cured claim which resulted in the FDIC depositing $158,220 into an interest bearing escrow account. This amount represented the appellees’ pro rata share of First American’s funds. Thereafter, the appellees moved to compel the release of the escrowed monies and, for the first time, raised and requested interest on the entire $300,000 unsecured claim contained in the May 10, 1993 final judgment. After a tremendous amount of peripheral litigation, the trial court held a hearing at which it determined that the appellees were entitled to $180,-591.78 in pre-judgment interest and $69,-139.72 in postjudgment interest. It is this determination that is the subject of the instant appeal.
Generally, regarding unsecured claims, a failed bank’s funds are distributed pro rata as of the date of the bank’s insolvency. United States ex rel. White v. Knox, 111 U.S. 784, 4 S.Ct. 686, 28 L.Ed. 603 (1884). The obvious reason behind the above rule is to ensure that each creditor receives an equitable portion of the bank’s assets. Thus, unless a receivership has sufficient funds to pay all unsecured claims in full or unless the receiver has acted unreasonably, post-insolvency interest is inapplicable. Id.; Citizens State Bank of Lometa v. Federal Deposit Ins. Corp., 946 F.2d 408, 413-15 (5th Cir.1991); Federal Deposit Ins. Corp. v. Brodie, 602 So.2d 1358 (Fla. 3d DCA 1992). In the instant case, FDIC did not possess sufficient funds to pay all provable funds in full nor was it proven that FDIC was unreasonable in administering the fund. As such, in the instant ease, the trial court erred in awarding the appellees post-insolvency interest on their unsecured claim.
Nevertheless, a portion of the interest awarded accrued while money was deposited in an interest bearing escrow account. This interest does not emanate from the resources of the failed bank and therefore does not affect the pro rata distribution of the assets to additional creditors. Accordingly, the ap-pellees are entitled to the same. Moreover, because the claim accrued prior to the bank’s failure, the appellees are entitled to interest which accrued up to the date of the bank’s failure. See generally Cioffe v. Morris, 676 F.2d 539 (11th Cir.1982). Therefore, upon remand, the trial court is instructed to calculate and award the appellees interest from the date of the bank’s breach of the deed in lieu of foreclosure agreement until the date of the bank’s insolvency. Thus, we affirm the trial court’s interest award in so much as it relates to pre-insolvency interest and that which accrued on the escrowed funds. Post-insolvency interest, however, should not have been awarded.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GUNTHER, C.J., and POLEN and FARMER, JJ., concur.