GUNTHER, Judge.
Appellant, the Federal Deposit Insurance Corporation (“FDIC”), acting as receiver for First American Bank and Trust, appeals a supplemental judgment awarding pre-insolvency interest on Paul and Marsha Levine’s $300,000 unsecured claim. The Levines cross-appeal the same supplemental judgment. We reverse on the *345 FDIC’s appeal, but.affirm on the Levines’ cross-appeal.
This Court’s two previous opinions in this case recite the underlying facts. See Levine v. Federal Deposit Ins. Corp., 651 So.2d 134 (Fla. 4th DCA)[hereinafter Levine I], rev. denied, 660 So.2d 713 (Fla.1995); Federal Deposit Ins. Corp. v. Levine, 680 So.2d 536 (Fla. 4th DCA 1996)[hereinafter Levine II], rev. denied, 690 So.2d 1299 (Fla.1997). In our most recent opinion, we recognized that the Levines’ $300,000 claim was an unsecured claim subject to pro-rata distribution. See Levine II, 680 So.2d at 538. We held that while pre-insolvency interest was appropriate on the Levines’ $300,000 unsecured claim, post-insolvency interest on the claim was inappropriate. Id. at 538. Accordingly, we reversed a post-insolvency interest award and remanded to the circuit court with instructions to calculate the appropriate pre-insolvency interest. Id.
On remand, the Levines filed two motions. The first motion was a motion to enforce payment of pre-insolvency interest on the $300,000 unsecured claim, which they calculated to be $58,000. The FDIC did not and does not now dispute the $58,000 pre-insolvency amount calculation. The second motion the Levines filed was a motion to compel payment of the “remaining monies” due to them. In this motion, the Levines argued that this Court’s first opinion in Levine I, 651 So.2d at 134, effectively made them secured creditors because it reinstated an agreement between them and the now defunct bank. The Levines contended they were entitled to full payment (rather than pro-rata distribution) of their $300,000 claim, plus full payment of the $58,000 pre-insolvency interest, plus additional accruing interest until the $58,000 pre-insolvency interest amount was paid in full.
The circuit court issued a supplemental judgment, in which it held that under the doctrine of law of the case, the $300,000 principal amount was an unsecured claim. This finding effectively denied the Levines’ second motion, the motion to compel payment of the '‘remaining monies.” It is from this portion of the supplemental judgment that the Levines cross-appeal.
Despite finding that the $300,000 principal claim was unsecured, however, the circuit court awarded the Levines the entire $58,000 amount of pre-insolvency interest, plus additional interest to accrue until the $58,000 pre-insólvency interest award is paid. The circuit court also allowed execution to issue on the $58,000 pre-insolvency interest award. It is from this portion of the supplemental judgment that the FDIC appeals.
First, we conclude that the Le-vines’ argument on cross-appeal is barred by the law of the case doctrine. On motion for rehearing in Levine II, 680 So.2d 536, we considered the Levines’ argument that our previous opinion in Levine I, 651 So.2d 134; somehow transformed them from unsecured creditors to secured creditors by reinstating the agreement between them and First American Bank and Trust. Having considered their argument, we specifically rejected it by denying their motion for rehearing and repeatedly emphasizing in Levine II that they are unsecured creditors. See Levine II, 680 So.2d at 538. Consequently, the circuit court properly concluded that the law of the case doctrine requires the Levines to be considered unsecured creditors. See Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550 (Fla.1984). Accordingly, we affirm the issue raised by the Levines on cross-appeal.
We conclude the issues raised by the FDIC on direct appeal, however, have merit. The FDIC argues that pursuant to United States ex rel. White v. Knox, 111 U.S. 784, 4 S.Ct. 686, 28 L.Ed. 603 (1884), the circuit court erred in awarding the Levines the entire $58,000 pre-insolvency interest amount, rather than treating it as part of an unsecured claim subject to pro-rata distribution. The Levines counter that this Court’s opinion in Levine II, in *346 which we stated on rehearing that the FDIC was “to pay the entire pre-insolven-cy interest out of the defunct bank’s funds,” requires that the $58,000 pre-insol-vency interest amount must be paid in full. The Levines misinterpret this Court’s language in Levine II. In Levine II, we were responding to the Levines’ attempt to’ seek payment from FDIC funds rather than from funds solely derived from First American Bank and Trust. Thus, when we stated that the FDIC was “to pay the entire pre-insolvency interest out of the defunct bank’s funds,” we meant that First American Bank and Trust was the only source from which the Levines’ claim could be paid. We did not mean, as the Levines now argue, that the Levines were entitled to a full payment of pre-insolvency interest. Indeed, such an interpretation of this Court’s language would directly contradict the totality of our opinion in Levine II, where we emphasized that the Levines were unsecured creditors who must be treated like all other unsecured creditors. See Knox, 111 U.S. at 784, 4 S.Ct. at 686. To give the Levines full payment of the $58,000 pre-insolvency interest award would be to impermissibly treat the Le-vines in a manner preferential to other unsecured creditors. Therefore, in accordance with this Court’s opinion in Levine II, we reverse the circuit court’s award of the full $58,000 amount of pre-insolvency interest to the Levines. See id.
The FDIC also argues that the circuit court erred in allowing interest to accrue on the $58,000 pre-insolvency interest award. We agree. As we stated in Levine II, unless a receivership has sufficient funds to pay all unsecured claims in full or unless the receiver has acted unreasonably, post-insolvency interest is inappropriate. Levine II, 680 So.2d at 538; see Knox, 111 U.S. at 784, 4 S.Ct. at 686; Citizens State Bank of Lometa v. Federal Deposit Ins. Corp., 946 F.2d 408 (5th Cir.1991). Allowing interest to accrue on the $58,000 pre-insolvency interest award is tantamount to an award of post-insolvency interest, which we have already held to be improper under the circumstances of this case. See Levine II, 680 So.2d at 538. Accordingly, we also reverse that portion of the supplemental judgment that allows interest to accrue on the $58,000 pre-insol-vency interest award.
Finally, the FDIC argues that the circuit court erred in including the words “let execution issue” in the supplemental judgment. Title 12, section 1821(d)(13)(C) of the United States Code provides for the rights and duties of the FDIC when it acts as receiver for a defunct bank, and it specifically states, “No attachment or execution may issue by any court upon assets in the possession of the receiver.” 12 U.S.C. § 1821(d)(13)(C) (1997). Understandably, the words “let execution issue” are routinely used in judgments to denote finality, but in light of section 1821(d)(13)(c)’s specific language, such words were erroneously included in the supplemental judgment in this case. Accordingly, we remand to the trial court to strike that portion of the supplemental judgment that allows execution to issue on the $58,000 pre-insolvency interest award.
In sum, we affirm that portion of the supplemental judgment finding that the Levines’ $300,000 principal claim is an unsecured claim. We reverse that portion of the supplemental judgment that allows for full rather than pro-rata distribution of the $58,000 pre-insolvency interest award, plus additional accruing interest. We also remand to the trial court to strike that portion of the supplemental judgment that allows execution to issue.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STONE, C.J., and SHAHOOD, J., concur.