350 So.2d 1090 (1977)
Edward MILES, Richard W. Keenan and Kenneth L. "Dusty" Burrow, Appellants,
v.
John F. KAVANAUGH, Appellee.
Nos. 76-478 and 76-510.
District Court of Appeal of Florida, Third District.
September 27, 1977.
Rehearing Denied November 8, 1977.
*1091 Sawyer & Dunn, Edward C. Vining, Jr. and Richard A. Burt, Merlin & Horowitz and Gary Kalos, Miami, for appellants.
Manners & Amoon, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is an action for breach of express warranty and misrepresentation in the sale of an airplane. Judgment was rendered for the plaintiff-buyer and the seller-defendant appeals. Party defendants responsible for repairing the airplane prior to the sale also appeal. We affirm.
In March, 1973, the plaintiff [John Kavanaugh] answered a newspaper ad placed by the defendant [Richard Keenan] advertising the sale of a used 1956 Cessna 172 private airplane. The plaintiff and defendant Keenan met on several occasions to examine the airplane and to discuss the sale. The defendant Keenan stated that the engine in the airplane had recently been completely overhauled during which time a number of new mechanical parts had been placed in the engine. The defendant Keenan gave the plaintiff an engine and propeller logbook detailing the mechanical repair and flight history of the airplane which the plaintiff carefully inspected.
The logbook reflected that on May 16, 1972, the engine had been given a major overhaul in which new mechanical parts were placed in the engine all in conformity with the manufacturer's engine overhaul manual. The repair work had been done by the defendant [Kenneth L. "Dusty" Burrow] *1092 whose work was certified in the logbook by the defendant F.A.A. inspector [Edward Miles]. Based on the accuracy of this information, the plaintiff purchased the airplane from the defendant Keenan. The plaintiff specifically testified that he would not have purchased the airplane had he not been able to inspect and rely upon the information contained in the logbook.
The plaintiff flew the airplane without incident for several months. Thereafter, he experienced a harrowing engine malfunction while the airplane was in flight. On December 5, 1973, he took off from a narrow airstrip in the Everglades approximately fifty miles out of Miami. After takeoff, the engine began to lose power, shake violently and emit a loud clanking sound. The plaintiff was barely able to land on the Everglades airstrip without crashing.
Subsequent thereto, the plaintiff had to arrange at considerable expense for the airplane to be transported in parts to an aircraft repair shop and there completely re-overhauled. It was there discovered that the prior overhaul had not included new parts as represented and that the prior overhaul had been performed in a completely defective manner. All parties to this appeal agree that the logbook contained inaccurate, misleading and false information about the prior repair history of the airplane.
The plaintiff paid approximately $350 to transport the airplane from the Everglades for repairs and $5,700 for the re-overhaul job. In addition, the plaintiff estimated his loss of use of the airplane during this repair period to be $600.
The plaintiff sued the defendant Keenan and the defendants Burrow and Miles for breach of express warranty and misrepresentation. After a non-jury trial, the court awarded a judgment in favor of the plaintiff against all defendants in the amount of $5,800. The defendant Keenan appeals questioning his liability on the sale of the airplane as well as the amount of damages awarded. The defendants Burrow and Miles appeal solely on the damages issue.

I
The first issue presented by this appeal is whether a private party, who sells his used airplane to a buyer and to induce the sale shows the buyer an engine and propeller logbook setting forth the repair history of the airplane, expressly warrants the accuracy of the information contained in the logbook within the meaning of Florida's Uniform Commercial Code, Section 672.313, Florida Statutes (1975). We hold that the seller expressly so warrants the accuracy of the information contained in the logbook where it forms part of the basis of the bargain between the parties.
The controlling law in this case is set forth at Section 672.313, Florida Statutes (1975), as follows:
"672.313 Express warranties by affirmation, promise, description, sample. 
(1) Express warranties by the seller are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. [Emphasis added.]
(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
(2) It is not necessary to the creation of an express warranty that the seller use formal words such as `warrant' or `guarantee'or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." [Emphasis added.]
*1093 The official comments of the above provision of Florida's Uniform Commercial Code is instructive on the issue presented in this case and state in part as follows:
"(1)(b) makes specific some of the principles set forth above when a description of the goods is given by the seller.

A description need not be by words. Technical specifications, blueprints and the like can afford more exact description than mere language and if made part of the basis of the bargain goods must conform with them." [Emphasis added.]
In the instant case, the defendant Keenan gave the plaintiff-buyer the engine and propeller logbook which, much like a blueprint, set out in some detail the prior repair and flight history of the airplane. The accuracy of the information contained in the logbook formed the basis of the bargain as the plaintiff relied upon the accuracy of such information and would not have purchased the airplane if he had not been permitted to see the logbook. The logbook thus constituted a description of the goods purchased by the plaintiff and an express warranty of the accuracy of such description.
The defendant Keenan argues that he never in so many words warranted the accuracy of the information contained in the logbook and was in fact ignorant of the admittedly false information on the prior repair history of the airplane. The simple answer to that argument is that an express warranty need not be by words, but can be by conduct as well, such as, the showing of a blueprint or other description of the goods sold to the buyer. Moreover, fraud is not an essential ingredient of an action for breach of express warranty and indeed it is not even necessary that the seller have a specific intention to make an express warranty. It is sufficient that the warranty was made which formed part of the basis of the bargain. We find such an express warranty in this case through Keenan's showing of the logbook to the plaintiff without which this sale would never have been made. For breach of such warranty, the defendant Keenan is liable to the plaintiff. Downs v. Shouse, 18 Ariz. App. 225, 501 P.2d 401 (1972).

II
The second issue presented by this appeal is whether the measure of damages in a breach of warranty action in the sale of a defective airplane may include the expense of transporting the airplane for repairs, the expense of overhauling the airplane, and damages due to a loss of use of the airplane during repairs. We hold that such expenses and losses are recoverable when proximately caused by the breach of warranty.
The law is clear under Florida's Uniform Commercial Code that the measure of damages in a breach of warranty action where the goods have been accepted by the buyer include any consequential damage proximately caused by the breach of warranty. Sections 672.714(3), 672.715(2), Florida Statutes (1975); Council Bros., Inc. v. Ray Burner Co., 473 F.2d 400 (5th Cir.1973). In the instant case, the plaintiff's expenses in transporting the airplane for repairs and overhauling it to conform to the express warranty as contained in the logbook plus the loss of use of the airplane during the repairs were all proximately caused by the breach of express warranty. Consequently, all such expenses were recoverable in this case.
The defendants do not contest the above principles of law but contend instead that the overhaul bill was excessive and unnecessary. Without going into detail as to each part replaced and the technical mechanical nature of the overhaul, we are satisfied that the bill was reasonably related to restoring the airplane to its original warranted condition and see no valid reason for upsetting the award made. Downs v. Shouse, 18 Ariz. App. 225, 501 P.2d 401 (1972). The judgment appealed from is in all respects affirmed.
Affirmed.
*1094 PEARSON, Judge (concurring in part and dissenting in part).
My dissent is only to that portion of the opinion which holds that the seller of the airplane, Keenan, who tenders the engine and propeller logbook, expressly warrants the accuracy of the information contained in the logbook of the airplane to the extent that the seller's warranty creates liability to the purchaser for improperly performed mechanical repairs performed by licensed airplane mechanics. It would be helpful to know more about the governmental regulations pertaining to the maintenance of the airplane and the logbook than this record reveals to us.
The majority holding seems to me to be that the very maintenance of the logbook by the owner and the display of the logbook upon request of a buyer constitutes, for the purpose of Section 672.313, Florida Statutes (1975) (Florida's Uniform Commercial Code), a warranty that the repairs recorded were done without fault. This conclusion of law seems to me unreasonable under the language of the section and the facts of this case. If the facts are, as I believe the record shows, that the owner is required to maintain the logbook and must transfer it to the new owner, then there is no way that a seller can escape the warranty of the good workmanship of each repair listed in the logbook. Such an unlimited warranty is not as to the "accuracy of such description" of the entries made by the mechanics but is a warranty that the work was, in fact, done in a workmanlike manner. Such a conclusion is, in my view, unreasonable and should not be implied from the language of the section.
I, therefore, dissent from that portion of the opinion and would reverse as to the appellant Keenan.