GLICKSTEIN, Judge.
The buyers of a yacht appeal from the trial court’s award of damages to the seller and its denial of the buyers’ claim for rescission. We affirm the judgment as to both of the foregoing. The seller cross appeals the judgment in its favor for $13,-118.10, less the buyers’ deposit of $6,500, or a total judgment of $6,618.10, contending that the unrebutted testimony establishes that while cross appellee Starr retained the certificate of title to the yacht, making its sale impossible, the seller incurred expenses for interest of $19,517.47 in floor-planning, insurance of $2,884.98 and storage of $6,600. Further, the market value of the vessel had fallen $15,169. It contends its entitlement to $37,471.45 in addition to the buyers’ down payment. We are unable to determine the basis for the smaller award made by the trial court in light of the foregoing evidence and sections 672.708[1] and 672.710,[2] *737 Florida Statutes (1981).[3] Accordingly, with respect to the cross appeal, we remand with direction to determine the proper amount of damages pursuant to said statutes or to set forth the basis for the award made.
LETTS, C.J., and BERANEK, J., concur.

. Section 672.708 provides:
Seller’s damages for nonacceptance or repudiation.—
(1) Subject to subsection (2) and to the provisions of this chapter with respect to proof of market price (s. 672.723), the measure of damages for nonacceptance or repudiation by the buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in this chapter (s. 672.710), but less expenses saved in consequence of the buyer’s breach.
*737 (2) If the measure of damages provided in subsection (1) is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in this chapter (s. 672.710), due allowance for costs reasonably incurred and due credit for payments or proceeds of resale.

. Section 672.710 provides:
Seller’s incidental damages. — Incidental damages to an aggrieved seller include any commercially reasonable charges, expenses or commissions incurred in stopping delivery, in the transportation, care and custody of goods after the buyer’s breach, in connection with return or resale of the goods or otherwise resulting from the breach.

. Cross appellees’ brief has been stricken as untimely and not considered by this court.