PER CURIAM.
The final declaratory decree under review is reversed and the cause is remanded to the trial court with directions to enter a new declaratory decree in light of the recent decision of the Florida Supreme Court in American Fire & Indemnity Co. v. Spaulding, 442 So.2d 206 (Fla.1983). In particular, the trial court on remand should make a factual determination as to whether the insured, Florida Georgia Tractor Company, knowingly made a selection of lower uninsured motorist limits under Section 627.727(1), Florida Statutes (1979); in this connection, the trial court may take additional testimony on this issue. We reach this result based on the following, briefly-stated legal analysis.
*211 First, the trial court below concluded that “the case law in Florida clearly establishes that the insurance carrier must offer and the named insured must reject the same amount of uninsured motorist coverage as there is bodily injury liability coverage or the uninsured motorist limits will be the same as the bodily injury liability limits.” Since no such offer or rejection was made in this case prior to the subject accident, the trial court ordered that the uninsured motorist limits of the instant insurance policy equal the bodily injury liability limits of the same policy, to wit: $500,000 per accident, rather than the $20,000 uninsured motorist limits set by the said policy. Second, the Florida Supreme Court in American Fire & Indemnity Co. v. Spaulding, supra, has, subsequent to the trial court’s decision, disapproved the above-stated rule of law relied on by the trial court and held:
“While the statute clearly provides that uninsured motorist coverage is by operation of law equal to general liability coverage unless the named insured selects otherwise, it does not mandate that this selection be in writing or any other specific form. ‘What the statute does require is that a rejection of uninsured motorist coverage or a selection of lower limits of coverage must be knowingly made.’ Kimbrell v. Great American Insurance Co., 420 So.2d 1086, 1088 (Fla.1982). In Kimbrell we noted that the question of whether the insured made a knowing selection of coverage limits was an issue to be decided by the trier of fact. In making this factual determination the trier of fact should undoubtedly consider whether the insurer expressly informed the insured of his statutory right to higher uninsured motorist coverage. But while the existence or absence of an express offer is relevant to the factual inquiry, it ‘is not dispositive of the question of whether there was a knowing selection of coverage limits. It is conceivable that the insured might know of the availability of coverage without being expressly informed of such by the insurer.’ Id.”
442 So.2d at 208-09 (emphasis added).
Third, we are unable on appeal to make the required factual determination as to whether a knowing selection of lower uninsured motorist coverage limits was made by insured herein because this is essentially a factual determination to be made in the first instance by the trial court.
Reversed and remanded.