498 So.2d 1051 (1986)
Richard MARCUS, Appellant/Cross Appellee,
v.
ANDERSON/GORE HOMES, INC., et al., Appellees/Cross Appellants.
No. 85-2826.
District Court of Appeal of Florida, Fourth District.
December 17, 1986.
Mark L. Weinstein and Alan Silverstein of Schwartz, Steinhardt, Weiss & Weinstein, P.A., North Miami Beach, for appellant/cross appellee.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellees/cross appellants.
WALDEN, Judge.
Appellant, Richard Marcus, purchased a new home from appellee/cross appellant, Anderson/Gore Homes, Inc., the builder of the home. Marcus took possession of the home in 1980.
Anderson/Gore subcontracted the plumbing work, including the installation of the hot water heater, to Palm Plumbing. Palm Plumbing purchased the hot water heater from Sun Belt Supply and installed it prior to September 1980.
The installed hot water heater had a latent defect. However, there was no evidence that the latent defect was in existence at the time of the sale of the hot water heater, nor that the defect was discoverable by reasonable inspection. In addition, there was no evidence that Marcus did in any way alter, damage, or cause the defect in the hot water heater.
In June 1981, the defective hot water heater leaked water into the interior of the home resulting in flooding of the interior. The damages sustained by Marcus totaled $42,459.97. Included in these damages was *1052 the cost of a new hot water heater which was $250.
Marcus brought an action for damages against Anderson/Gore, alleging breach of implied warranty of merchantability, breach of warranty of fitness for a particular purpose and negligence. Marcus' two counts of implied warranty were treated as an allegation of breach of implied habitability. Anderson/Gore filed a third party complaint against Palm Plumbing, alleging that Marcus' damages were caused by Palm Plumbing's negligence in installing the hot water heater. The trial court denied Anderson/Gore's motion to amend its third party complaint to allege common law indemnity; but, it held that at the close of the case it would entertain a motion to conform the pleadings to the evidence.
Both parties moved for a summary judgment. Anderson/Gore's motion for summary judgment with respect to negligence was granted. Marcus' partial summary judgment with respect to breach of implied warranty of habitability was granted. However, the trial court limited Marcus' damages to $250, the cost of a new hot water heater.
Marcus appeals the trial court's limitation of damages to the replacement cost of the hot water heater. Anderson/Gore cross appeals the trial court's granting partial summary judgment for Marcus, and the trial court's denying its motion to amend the third party complaint. We address the cross appeal first.
On cross appeal, Anderson/Gore argues that the trial court erred in granting partial summary judgment for Marcus because Marcus did not prove that any defect existed at the time the hot water heater was sold. Anderson/Gore urges that summary judgment should have been granted in favor of it. We agree that summary judgment should not have been entered for Marcus, but hold that the issue should be presented for jury consideration.
In a breach of implied warranty case, the plaintiff has the burden of establishing that a defect was present in the product; that it caused the injuries complained of; and that the defect existed at the time the retailer or supplier parted possession with the product. Sansing v. Firestone Tire & Rubber Co., 354 So.2d 895 (Fla. 4th DCA), cert. denied, 360 So.2d 1250 (Fla. 1978); and Zyferman v. Taylor, 444 So.2d 1088 (Fla. 4th DCA 1984). The Greco[1] inference aids the plaintiff in meeting his burden by creating a legal inference that the product was defective both at the time of the injury and at the time it was within the control of the supplier. The inference arises from the occurrence of the accident itself. When a product malfunctions during normal operations, a legal inference arises that the product is defective, and the injured plaintiff thereby establishes a prima facie case for jury consideration. Cassissi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981).
In the instant case the hot water heater malfunctioned during normal operations. There is no evidence that Marcus did in any way alter, damage or cause the defect in the hot water heater. Accordingly, Marcus established his prima facie case for jury consideration. However, we find that the facts in this case do not warrant the trial court granting a summary judgment for either party. Cf. Hardin v. Montgomery Elevator Co., 435 So.2d 331 (Fla. 1st DCA 1983). Therefore, we reverse the summary judgment for Marcus and remand the issue for jury consideration.
As to Anderson/Gore's second issue on cross appeal, we affirm the trial court's denial of the motion to amend the third party complaint. Although we find that the trial court did not abuse its discretion here, we do suggest that, on remand, the trial court consider allowing the amendment in the interest of judicial economy.
*1053 Having decided that this case must be remanded for jury consideration, we need not decide the issue of damages on appeal. However, we do note that in an implied warranty action, the buyer is entitled to both incidental and consequential damages which are proximately caused by the breach of warranty. Miles v. Kavanaugh, 350 So.2d 1090 (Fla. 3d DCA 1977); and Bill Branch Chevrolet, Inc. v. Redmond, 378 So.2d 319 (Fla. 2d DCA 1980). Therefore, if, on remand, the jury finds the implied warranty of habitability was breached, Marcus' damages should not be limited to the replacement cost of a hot water heater.
Affirmed in part; Reversed and Remanded in part.
LETTS, J., and WEBSTER, PETER, Associate Judge, concur.
NOTES
[1] Greco v. Bucciconi Engineering Co., 283 F. Supp. 978 (W.D.Pa. 1967), aff'd, 407 F.2d 87 (3d Cir.1969).