527 So.2d 853 (1988)
Saul BOYMAN and Bocadev Corp., Inc., Appellants,
v.
STUART HATTERAS, INC., Appellee.
No. 87-1181.
District Court of Appeal of Florida, Fourth District.
June 8, 1988.
Rehearing Denied July 25, 1988.
John Beranek of Klein & Beranek, P.A., West Palm Beach, and McRae & Goerke, P.A., Boca Raton, for appellants.
Carol S. Waxler of Waxler & Smith, Stuart, for appellee.
LETTS, Judge.
A jury verdict awarded $12,619.17 in favor of a yacht sales dealer over a boat sale gone sour. The potential boat-buyer appeals, claiming the amount of the award was "completely without support in the evidence." We agree and reverse.
We have scoured the briefs, examined the record and revisited the oral argument made before this court. Despite doing so, we are unable to piece together how the jury could have possibly come up with this particular award. For example, the yacht dealer speculates that part of the award may have emanated from a $5,524 item charged by it for "ocean freight delivery." This item, so the yacht dealer argues, would be appropriate because the sales contract provided for the boat to be delivered "F.O.B. Stuart Florida." According to the yacht dealer, these quoted words of art, placed the responsibility on the buyer to pay for the cost of "ocean freight delivery" from the place of manufacture in North Carolina to Stuart, Florida, the destination. This is not our understanding of the law. Surely, "F.O.B. Stuart" brings about exactly the contrary result and calls for the seller to pay for the ocean freight delivery charge incurred prior to the boat reaching its destination in Stuart. § 672.319, Fla. Stat. (1985). See also Pestana v. Karinol Corporation, 367 So.2d 1096, 1099 (Fla. 3d DCA 1979). It would be error, as a matter of law, to leave such a determination for the jury to decide.
We agree with the yacht dealer that it is not the prerogative of an appellate court to substitute its judgment for that of a jury. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), but there are limits. There is no reasonable record justification for this award, see Al's Motor Company v. Jackson Marine Sales, Inc., 432 So.2d 736 (Fla. 4th DCA 1983), and so we must reverse it.
We affirm the remaining point on appeal and remand this cause for retrial solely on *854 the issue of damages. In so doing, we suggest that more detailed pretrial practice be employed to narrow the issues. In any facet of this controversy where a pretrial stipulation cannot be obtained, an interrogatory verdict might prove helpful. This matter cries out for settlement lest the attorneys' fees overtake the financial outcome.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.