538 So.2d 1382 (1989)
STORCHWERKE, GMBH, Appellant,
v.
Mr. THIESSEN'S WALLPAPERING SUPPLIES, INC., et al., Appellees.
No. 88-810.
District Court of Appeal of Florida, Fifth District.
March 2, 1989.
A.J. Stanton, Jr., and Michael J. Gasdick of Stanton & Glasdick, P.A., Orlando, for appellant.
*1383 James A. Moreland of Moreland, Palmer & Marlowe, Winter Park, for appellees.
COWART, Judge.
The corporate appellee, an American distributor of wallpaper supplies, bought certain wallpaper paste machines from appellant, a German manufacturer. The individual appellees guaranteed the purchaser's payment. The manufacturer filed an action against the distributor and guarantors for the balance due it on the purchase price of certain machines bought by the distributor and resold to retailers for ultimate sale to consumers. The distributor and guarantors filed an answer, affirmative defense and a counterclaim. Both the affirmative defense and counterclaim, in effect, alleged that the machines were defective and breached an implied warranty of fitness for the purpose for which they were intended. Mercury compounds, contained in some American paste but not in German paste, may have corroded aluminum components in the machines. The trial court, after a non-jury trial, denied the manufacturer's claims and denied the distributor any recovery on the counterclaim, stating that the court accepted the counterclaim as an affirmative defense. The manufacturer appeals.
The remedy for the breach of an implied warranty of fitness for a particular purpose is the recovery of money damages. Of course, when the seller of an item sues a purchaser for purchase money, the purchaser may counterclaim against the seller for money damages for breach of an implied warranty for fitness. If the purchaser establishes the counterclaim and damages, the amount the purchaser is entitled to recover from the seller as damages is set-off against the amount the seller would otherwise be entitled as purchase money. If the amount the purchaser is entitled to recover from the seller as damages for the breach of warranty does not equal the amount the seller is entitled to recover as purchase money, the seller is entitled to a judgment against the purchaser for the difference; on the other hand, if the purchaser's damages for breach of warranty exceed the amount due the seller for purchase money, the purchaser is entitled to a judgment against the seller for the difference.
In the context of a civil law action, an affirmative defense is a pleading that, in whole or part, bars or voids the cause of action asserted by an opponent in the preceding pleading and must be distinguished from a counterclaim which is a part of an answer served by a defendant asserting a cause of action against a plaintiff. A purchaser's assertion against a seller of goods, that the goods were defective and breached an implied warranty of fitness, constitutes a cause of action and a claim for relief, whether an original claim or a counterclaim, but that cause of action does not constitute an affirmative defense barring or voiding the seller's action to recover purchase money,[1] although, if successful, the recovery by the purchaser of damages under the counterclaim may be used as an off-set against the amount the seller is entitled as purchase money from the purchaser.
Assuming the distributor established a cause of action for breach of implied warranty, the distributor failed to establish the amount of damages resulting from such breach and the trial court erred in treating the cause of action for breach of implied warranty as an affirmative defense barring the manufacturer's cause of action. Accordingly, judgment below is reversed and the cause remanded with directions to enter judgment in favor of the manufacturer on the causes of action in its complaint.
REVERSED and REMANDED.
DANIEL and GOSHORN, JJ., concur.
NOTES
[1] See, generally, Florida Rules of Civil Procedure 1.110(b) and (d) and Trawick, Florida Practice and Procedure, (1988 Ed.), § 11-4, Affirmative defenses and Chapter 12, Counterclaims and Cross-Claims.