546 So.2d 16 (1989)
PAGE AVJET CORPORATION, Appellant,
v.
COSGROVE AIRCRAFT SERVICE, INC., Appellee.
No. 88-1436.
District Court of Appeal of Florida, Third District.
May 16, 1989.
Rehearing Denied August 4, 1989.
*17 Walton, Lantaff, Schroeder & Carson and G. Bart Billbrough, Miami, for appellant.
Steinberg, Merlin & Slewett and Robert Merlin, Miami Beach, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
BASKIN, Judge.
Appellant Page Avjet Corporation repairs aircraft; appellee Cosgrove Aircraft Service, Inc., sells wholesale aircraft parts. When Page Avjet ordered a replacement turbine for an aircraft, Cosgrove sent the turbine in exchange for the defective turbine, along with an invoice for $14,000. If the returned turbine could be repaired, Cosgrove would send no other invoice; however, if the returned turbine could not be repaired, Cosgrove would send an additional invoice for $9,000 to cover the full cost of the new turbine. When it became apparent that the returned turbine could not be repaired, Cosgrove sent Page Avjet an invoice for $9,000. Page Avjet paid both invoices.
Less than one month after the Cosgrove turbine was delivered to Page Avjet, it failed. Page Avjet requested another replacement, and Cosgrove again sent a replacement turbine, along with another invoice for $14,000. The invoice was contingent upon warranty applicability. Page Avjet did not pay this invoice, but did return the defective turbine. Approximately one year later, Cosgrove sent Page Avjet a letter demanding payment of the second $14,000 invoice. Although Page Avjet received the letter, it did little more than telephone Cosgrove for an explanation of the letter.
Two and a half years later, Cosgrove sued to recover the amount stated in the invoice. Cosgrove maintained that it was not suing on an account stated or for loss of use, but only to recover the amount due on the invoice. Among Page Avjet's numerous affirmative defenses were set-off and return of the engine, a fact that Cosgrove did not deny. At the conclusion of a non-jury trial, the court entered a final judgment in favor of Cosgrove for the entire amount of the invoice. We reverse.
Our review of the record discloses no adequate basis for the trial court's award. Where record support for the trial court's award is absent, the appellate court must reverse the trial court's decision. Boyman v. Stuart Hatteras, Inc., 527 So.2d 853 (Fla. 4th DCA 1988); Al's Motor Co. v. Jackson Marine Sales, Inc., 432 So.2d 736 (Fla. 4th DCA 1983).
After analyzing the multiple theories advanced in the trial court, we are unable to discern a premise for Cosgrove's recovery. Cosgrove repeatedly stated that it was suing on an invoice to recover the price of the turbine and not on an account stated. An action to recover the price of goods falls within the purview of Article Two of the U.C.C. To assert a basis for recovery, Cosgrove's complaint would have had to allege the existence of conditions expressed in section 672.709, Florida Statutes (1985);[1] however, the record fails to *18 demonstrate an additional sale. If, instead, the action were based on an account stated, the evidence in the record fails to demonstrate the requisite agreement permitting Cosgrove's recovery on that ground. Merrill-Stevens Dry Dock Co. v. "Corniche Express", 400 So.2d 1286 (Fla. 3d DCA 1981); Dudas v. Dade County, 385 So.2d 1144 (Fla. 3d DCA 1980).
The confusion in the categorization and concommitant standards of proof required of Cosgrove are evident in the trial court's actions. The trial court appeared to give great weight to Page Avjet's failure to respond to Cosgrove's letter. Under some circumstances, a failure to respond to a demand letter may support a finding of liability in an action for an account stated; such an action is appropriate when parties engage in regular periodic billing. Daytona Bridge Co. v. Bond, 47 Fla. 136, 36 So. 445 (1904); Dudas. That was not the practice underlying the invoice at issue. In an action for an account stated, failure to respond to a demand, without more, would not establish liability. Recreation Corp. of America v. Jack Drury & Assoc., Inc., 235 So.2d 49 (Fla. 4th DCA 1970); Braun v. Noel, 188 So.2d 564 (Fla. 3d DCA 1966). Similarly, if this action were for the purchase price under the U.C.C., see § 672.709, Fla. Stat. (1985), failure to answer a demand letter would not support a finding of liability. Furthermore, the trial court failed to consider Page Avjet's defenses of set-off and of return of the turbine even though the parties agreed that the turbine was, in fact, returned. To permit Cosgrove to retain both the turbine and the purchase price would constitute an impermissible double recovery. See Maserati Auto., Inc. v. Caplan, 522 So.2d 993 (Fla. 3d DCA 1988). Accordingly, we reverse and remand to the trial court for a new trial. On remand, the court is directed to permit amendments to the pleadings.
Reversed and remanded.
NESBITT, J., concurs.
COPE, Judge (concurring).
I concur that the appellant is entitled to a setoff. See generally 1 J. White & R. Summers, Uniform Commercial Code 336 (3d ed. 1988). I am unable to agree that there was a deficiency in the complaint. Cf. Fla.R.Civ.P. Form 1.935 (complaint for goods sold). While it may be a matter of semantics, the trial court's record basis for the amount awarded to Cosgrove was the admittedly unpaid invoice amount, which would have been correct if reduced by a setoff in favor of appellant.
NOTES
[1] Section 672.709, Fla. Stat. (1985), provides:

(1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price:
(a) Of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer; and
(b) Of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.
(2) Where the seller sues for the price he must hold for the buyer any goods which have been identified to the contract and are still in his control except that if resale becomes possible he may resell them at any time prior to the collection of the judgment. The net proceeds of any such resale must be credited to the buyer and payment of the judgment entitles him to any goods not resold.