HERSEY, Chief Judge.
This is an appeal from a directed verdict absolving appellee, Sony, from liability for damages to a vessel caused by a fire of unknown origin. The issue on appeal is whether there was sufficient evidence of a defective product to take the case to the jury. The theories pled were strict liability in tort, negligence and implied warranty.
Our task is to answer the question whether, viewing the evidence in the light most favorable to appellant, there is any reasonable view of the evidence that could sustain a verdict in favor of appellant (and thus adverse to appellee, Sony). If that answer is in the affirmative, then reversal is required. See Tesher & Tesher, P.A. v. Rothfield, 392 So.2d 1000 (Fla. 4th DCA 1981).
The admissible evidence in this case would permit a jury to find that the fire started within or in close proximity to a Sony AM/FM receiver with stereo speakers located in the salon of the vessel. With the aid of the Greco inference, this evidence enables plaintiffs case to go to the jury. That is
The Greco[1] inference aids the plaintiff in meeting his burden by creating a légal inference that the product was defective both at the time of the injury and at the time it was within the control of the supplier. The inference arises from the occurrence of the accident itself. When a product malfunctions during normal operations, a legal inference arises that the product is defective, and the injured plaintiff thereby establishes a prima facie case for jury consideration. Cassissi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981).
Marcus v. Anderson/Gore Homes, Inc., 498 So.2d 1051, 1052 (Fla. 4th DCA 1986).
It will then be up to the jury to consider the product’s age and other factors in determining the likelihood that the product was defective at the time of its manufacture.
We find no error in the court’s refusal to admit certain reports into evidence.
Holding that the directed verdict was erroneous, we reverse and remand for a new trial.
REVERSED AND REMANDED.
WARNER and GARRETT, JJ., concur.

. Greco v. Bucciconi Engineering Co., 283 F.Supp. 978 (W.D.Pa.1967), aff'd, 407 F.2d 87 (3d Cir.1969).