602 So.2d 1358 (1992)
FEDERAL DEPOSIT INSURANCE CORPORATION, as Liquidator of The Trust Bank, Appellant,
v.
Sidney Z. BRODIE, Appellee.
No. 91-1854.
District Court of Appeal of Florida, Third District.
July 28, 1992.
Rehearing Denied September 15, 1992.
*1359 Haley, Sinagra & Perez and Manuel Perez and Richard Bernstein and Dora F. Kaufman, Fort Lauderdale, for appellant.
Aronovitz and Associates, Joe N. Unger, Miami, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
BASKIN, Judge.
The Federal Deposit Insurance Corporation [FDIC], as liquidator of The Trust Bank [Bank], appeals a final judgment awarding FDIC the principal and interest on a note executed by attorney Sidney Z. Brodie, awarding Brodie recovery on an account stated, awarding Brodie fees for services rendered under an oral employment contract, and ordering that the award against Brodie under the note be set off against Brodie's recovery from FDIC. We reverse in part and remand for further proceedings.
The Bank engaged Brodie to perform collection services. Brodie billed the Bank for those services; some of the bills were not paid. In February 1986, to secure a loan, Brodie executed a promissory note in favor of the Bank. In August 1986, the Bank engaged Brodie to handle real estate closings for a six-month period. Under the agreement, Brodie represented the Bank at real estate closings in exchange for a percentage of the loan amounts. The Bank terminated Brodie's employment in October 1986. That same month, Brodie failed to remit a payment required under the terms of the note.
The Bank sued Brodie and Brodie & Marder, P.A., for legal malpractice, amending its complaint to include a count against Brodie, personally, for Brodie's default under the note. Brodie counterclaimed *1360 against the Bank, for account stated, to recover the sum of the unpaid bills and for breach of the contract to perform real estate closings. When the Bank was declared insolvent, FDIC was appointed as liquidator and substituted as a party in the proceedings.
Brodie stipulated to liability for the principal balance and interest owing on the note, and filed a motion for partial summary judgment as to the legal malpractice claims. The trial court granted the motion and entered partial summary judgment.
FDIC filed a motion for summary judgment on Brodie's counterclaims. FDIC asserted that the counterclaims were barred by federal law because they were based on oral agreements. FDIC argued, alternatively, that Brodie had not stated a claim for account stated and was not entitled to institute an action for breach of contract; rather, Brodie was limited to quantum meruit recovery for services rendered. The trial court denied the motion.
Brodie filed a motion for summary judgment on his claim for breach of his employment contract; the trial court granted the motion, finding against FDIC on the issue of liability. The claim proceeded to trial solely on the issue of damages. The jury awarded FDIC the principal due on the note, and interest. The jury returned a verdict in Brodie's favor on the claim for account stated and awarded damages for breach of contract. The court offset the amount Brodie owed on the note against his award on the counterclaims and assessed interest. FDIC appeals.
FDIC raises several issues on appeal: 1) Brodie's counterclaims are barred by federal law because they are premised on oral agreements; 2) the trial court erred in granting summary judgment on liability on Brodie's breach of employment contract because he is limited to quantum meruit recovery; 3) Brodie did not state a claim for account stated as a matter of law; and 4) the trial court erred in deducting FDIC's recovery under the note from the damages awarded to Brodie on the counterclaims and in awarding Brodie interest. We address each issue in turn.

APPLICATION OF FEDERAL LAW AS A BAR TO COUNTERCLAIMS
FDIC correctly asserts that counterclaims against a federal receiver must meet the criteria enunciated in D'Oench, Duhme & Co. v. Federal Deposit Insurance Co., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); however, the D'Oench doctrine, as partially codified in 12 U.S.C. § 1823(e), does not bar Brodie's counterclaims. "The rule emerging from D'Oench, Duhme is that no agreement between a borrower and a bank which does not plainly appear on the face of an obligation or in the bank's official records is enforceable against the FDIC." Sunchase Apartments v. Sunbelt Serv. Corp., 596 So.2d 119, 123 (Fla. 1st DCA 1992), citing Adams v. Madison Realty & Dev. Co., 937 F.2d 845 (3d Cir.1991) (emphasis supplied). It is well settled that D'Oench and its progeny bar a claim or defense asserted by an obligor based on an oral agreement. See Langley v. Federal Deposit Ins. Co., 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) (oral representations raised by borrower in defense against action brought by FDIC to recover on note barred by D'Oench doctrine).
The rule does not determine the matter before us because Brodie's counterclaims were not asserted against FDIC in an attempt to avoid, or defend against the note. Instead, Brodie admitted liability under the note. The counterclaims were independent actions to recover monies due for services rendered at the Bank's request. We are unable to find, and counsel have not provided, any cases where the doctrine has been applied to bar recovery of fees for rendered services.
"D'Oench is typically employed in instances where a side agreement is inextricably entwined with a loan or other asset of the financial institution." Agri Export Co-op. v. Universal Sav. Ass'n, 767 F. Supp. 824, 832 (S.D.Tex. 1991). Brodie's employment arrangements, underlying the account stated and breach of contract claims, do not affect FDIC's rights or liabilities respecting any particular asset. D'Oench bars oral agreements raised by parties who lend themselves to a scheme or *1361 arrangement likely to mislead banking authorities. D'Oench, 315 U.S. at 460, 62 S.Ct. at 680-681. Brodie did nothing that could be construed as participation in a misleading scheme or arrangement. He provided services the Bank required. FDIC should have foreseen that a bank would receive a variety of necessary services for which it would owe compensation. See Resolution Trust Corp. v. Murray, 935 F.2d 89, 95 (5th Cir.1991) (debtor not barred from bringing independent action for damages); Campbell Leasing, Inc. v. Federal Deposit Ins. Corp., 901 F.2d 1244 (5th Cir.1990) (debtor's inability to offset liability to federal receiver does not bar independent action for damages).
Furthermore, 12 U.S.C. § 1823(e),[1] which partially codified the D'Oench doctrine, does not bar Brodie's counterclaims. "By its plain language, § 1823(e) applies only to an interest in `any asset', with the agreement in writing executed contemporaneously with the financial institution obtaining `the asset'." Agri Export Co-op., 767 F. Supp. at 833. Although the Bank did acquire an asset from Brodie  the note  the Bank's interest in this asset is not affected or defeated by Brodie's counterclaims: Brodie has admitted liability on the note and is not asserting the counterclaims in an effort to avoid liability or impair this asset. "It is well settled that if the insuring institution acquires no `right, title or interest' in an asset that claims and defenses could `diminish or defeat', then sec. 1823(e) does not apply." Agri Export Coop., 767 F. Supp. at 833; Grubb v. Federal Deposit Ins. Corp., 868 F.2d 1151 (10th Cir.1989). Thus, we are unable to hold that federal law insulates FDIC from Brodie's counterclaims.

ACCOUNT STATED AND BREACH OF CONTRACT
We agree with FDIC's argument that Brodie failed to state a claim for recovery in account stated. Brodie did not demonstrate that the parties had agreed "that a certain balance is correct and due" and that there was "an express or implicit promise to pay this balance." Merrill-Stevens Dry Dock Co. v. "Corniche Express", 400 So.2d 1286, 1286 (Fla.3d DCA 1981). In the absence of such an agreement, no recovery upon an account stated theory is permitted. Merrill-Stevens Dry Dock Co.. Although the practice of periodic billing in the regular course of dealing may establish an account stated if no objection to the amount of the bill is made within a reasonable time, Levy v. Stephen L. Geller, Inc., 444 So.2d 568 (Fla.3d DCA 1984), no such practice was established in the record before us. "In an action for an account stated, failure to respond to a demand, without more, would not establish liability." Page Avjet Corp. v. Cosgrove Aircraft Serv., 546 So.2d 16, 18 (Fla.3d DCA 1989). Accordingly, the claim for account stated fails.
FDIC also asserts that Brodie is barred from recovering for breach of contract under the rule enunciated in Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982). In Rosenberg, 409 So.2d at 1021, the Florida Supreme Court adopted the modified quantum meruit rule and held that an attorney who is discharged without cause before the client's matters have concluded can recover only the reasonable value of services rendered prior to discharge. Under that rule, Brodie is not entitled to recover for breach of the six-month employment agreement; he is entitled to recover, *1362 under quantum meruit, only for the value of services he performed prior to his discharge. See Trend Coin v. Fuller, Feingold & Mallah, 538 So.2d 919, 921 (Fla.3d DCA 1989); Urbieta v. Urbieta, 446 So.2d 230 (Fla.3d DCA 1984).
We are not persuaded by Brodie's argument that FDIC waived its "quantum meruit defense" by failing to assert it as required by 1.110(d). Florida Rule of Civil Procedure 1.140(b) provides that an affirmative defense under Rule 1.110(d), Florida Rule of Civil Procedure, if not pled, is waived. "[A]n affirmative defense is a pleading that, in whole or in part, bars or voids the cause of action asserted by an opponent in the preceding pleading... ." Storchwerke v. Thiessen's Wallpapering Supplies, Inc., 538 So.2d 1382, 1383 (Fla. 5th DCA 1989). FDIC's assertion that Brodie's recovery was limited to quantum meruit was not an affirmative defense because it did not bar or void Brodie's causes of action to recover fees.
Furthermore, quantum meruit is not transformed into an affirmative defense merely because it reduces Brodie's recoverable damages. See Storchwerke, 538 So.2d at 1383 (a claim for relief, whether an original claim, or a counterclaim, is not an affirmative defense barring or voiding an action to recover money damages although, if successful, the claim may be offset against the amount the seller is entitled to). Quantum meruit is not an affirmative defense: it merely limits Brodie's damages. Thus, the trial court improperly withheld the issue from the jury.

OFFSET & INTEREST
We find additional error in the trial court's decision to offset against FDIC's judgment on the note, Brodie's recovery for fees. Brodie is entitled only to a pro rata share of the Bank's assets. 12 U.S.C. § 1821(i)(1), (2); see Citizens State Bank of Lometa v. Federal Deposit Ins. Co., 946 F.2d 408, 413-415 (5th Cir.1991). To permit Brodie's offset would allow him "a greater proportionate recovery to the prejudice of other general creditors of the bank." Bulasky v. Federal Deposit Ins. Co., 442 F.2d 341, 342 (9th Cir.1971).
Similarly, the award of interest on the counterclaims is inappropriate. No creditor may obtain a greater proportionate recovery than other creditors who do not collect interest once a bank is insolvent. Citizens State Bank of Lometa; see United States ex rel. White v. Knox, 111 U.S. 784, 4 S.Ct. 686, 28 L.Ed. 603 (1884). Thus, on remand, the trial court shall neither permit an offset, nor award interest.
For these reasons, we reverse the final judgment, with the exception of FDIC's recovery on the note, and remand for further proceedings consistent with this opinion. We find it unnecessary to reach the remaining points on appeal.
Reversed in part and remanded.
NOTES
[1] Section 1823(e) provides:

(e) Agreements against interest of Corporation
No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1812 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement 
(1) is in writing,
(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
(4) has been, continuously, from the time of its execution, an official record of the depository institution.