658 So.2d 1183 (1995)
Sandy KOPLOWITZ, a/k/a Sanford A. Koplowitz, d/b/a Gold Coast Computer Solutions, Appellant,
v.
Andre GIRARD, Individually and Canadian Banklock Service, Ltd., Appellees.
No. 93-1781.
District Court of Appeal of Florida, Fourth District.
August 9, 1995.
*1184 Donald J. Freeman of Bailey, Fishman, Freeman & Ferrin, West Palm Beach, for appellant.
No brief filed for appellees.
PARIENTE, Judge.
This controversy arises from a written contract between the parties involving computer equipment and services. We affirm the trial court's judgment finding that appellant (seller) breached both the contract and an implied warranty of fitness for a particular purpose. However, we reverse the damage award because the trial court applied an incorrect measure of damages by awarding appellee (buyer),[1] a Canadian company, the return of all sums paid under the contract in addition to the cost of remedying the breach.
Seller and buyer entered into a written contract, whereby seller was to provide computer equipment and services to upgrade the systems used by buyer at an agreed upon contract price of $15,500 to be paid in three installments. After buyer refused to make the third and final installment payment, seller filed suit to recover the remaining contract price. Buyer filed a counterclaim for breach of contract and breach of an implied warranty of fitness for a particular purpose. It alleged that the computer system installed by seller failed to perform all functions contemplated by the parties in entering the contract and, as such, buyer was required to hire another computer specialist to repair the system.
The trial court found seller to have breached both the written contract and an implied warranty of fitness for particular purpose by failing to provide a computer system which executed all the programs contemplated by the contract or otherwise conformed to the implied warranty. It awarded buyer the principal sum of $30,917.20. In determining the principal sum, the trial court's order provided that:
The Court finds the Plaintiff [seller] breached the parties' contract and breached the implied warranty of fitness for a particular purpose, and the Defendants [buyers] are entitled to recover all amounts paid to the Plaintiff together with the amounts paid by CBS [buyers] to replace the system provided by the Plaintiff.
By awarding buyer the return of the contract price, which it had already paid, in addition to the cost of remedying the defective performance, the trial court placed buyer in a better position than it would have been had the contract been fully performed. In effect, under the trial court's measure of damages, buyer has received the computer services and equipment at no cost.
The goal of an award of damages in a breach of contract action is "to restore the injured party to the condition which he would have been in had the contract been performed." Campbell v. Rawls, 381 So.2d 744, 746 (Fla. 1st DCA 1980), cited with approval in Grossman Holdings, Ltd. v. Hourihan, 414 So.2d 1037, 1039 (Fla. 1982). A party can neither receive more than it bargained for nor should it be put in a better position than it would have been in had the contract been properly performed. Id. Generally, a correct measure of damages for breach of contract as a result of defective performance is the reasonable cost of remedying the breach by making the work performed or article furnished conform to the contract. See generally 17 Fla.Jur.2d Damages § 29 (1980). Under Florida's Uniform Commercial Code, the measure of damages in a breach of warranty action where the goods have been accepted includes any consequential damages proximately caused by the breach of warranty. Miles v. Kavanaugh, 350 So.2d 1090 (Fla. 3d DCA 1977); §§ 672.714(3), 672.715(2) Fla. Stat. (1993).
In Storchwerke, Gmbh v. Mr. Thiessen's Wallpapering Supplies, Inc., 538 So.2d 1382 *1185 (Fla. 5th DCA 1989), the fifth district addressed the relationship between the unpaid contract price and the measure of damages suffered by the buyer where the trial court had found a breach of an implied warranty of fitness. The seller brought an action against the buyer and guarantors for the balance due on the purchase price of certain goods sold. The buyer counterclaimed alleging breach of warranty. The trial court had improperly treated the breach of warranty as an affirmative defense rather than as a separate counterclaim. Setting forth the appropriate method of calculating damages, the fifth district stated:
[W]hen the seller of an item sues a purchaser for purchase money, the purchaser may counterclaim against the seller for money damages for breach of an implied warranty for fitness. If the purchaser establishes the counterclaim and damages, the amount the purchaser is entitled to recover from the seller as damages is set-off against the amount the seller would otherwise be entitled as purchase money. If the amount the purchaser is entitled to recover from the seller as damages for the breach of warranty does not equal the amount the seller is entitled to recover as purchase money, the seller is entitled to a judgment against the purchaser for the difference; on the other hand, if the purchaser's damages for breach of warranty exceed the amount due the seller for purchase money, the purchaser is entitled to a judgment against the seller for the difference.
Id. at 1383.
Here the trial court did not set off the balance due under the contract; instead, it refunded buyer the amounts paid and awarded the full cost of remedying the breach. By this measure of damages, buyer impermissibly received more than its bargain.
Seller also argues on appeal that the trial court erred in awarding buyer its attorney's fees. However, the trial court reserved jurisdiction to award attorney's fees without determining an amount. The attorney's fee issue is therefore not ripe for appellate review. Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994).
Accordingly we affirm the final judgment entered against the seller, but reverse and remand for recalculation of damages on the counterclaim consistent with this opinion.
GUNTHER, C.J., and SHAHOOD, J., concur.
NOTES
[1] We note that the trial court had included both the company and its president, individually, in the award of damages. However, only the company filed the counterclaim and the trial court specifically found the contract to have been between appellant and the company and not its president, individually.