FULMER, Judge.
Sandra Lynn appeals the final judgment entered against her in an action arising out of an automobile accident. Lynn specifically challenges the trial court’s denial of her motion to reduce the judgment which she filed pursuant to section 324.021(9)(b)(3), Florida Statutes (1999), a provision that, under certain circumstances, limits the liability of a motor vehicle owner who loans the vehicle to a permissive user. The trial court denied Lynn’s motion because it concluded that the statute did not apply to the factual circumstances of this case. We disagree with the trial court’s interpretation of the statute and reverse for further proceedings on the motion.
Carolyn Feldmeth sued Tonya Dykstra as the driver of the vehicle at fault in the accident and Sandra Lynn as the owner of the vehicle driven by Dykstra. The jury returned a total compensatory verdict for Feldmeth in the amount of $252,471.78, which was reduced by setoffs to $242,471.78. The verdict form does not differentiate between Dykstra and Lynn as to liability for compensatory damages. The jury also assessed punitive damages of $5000 against Dykstra.
Lynn filed a motion seeking to reduce the judgment against her pursuant to section 324.021(9)(b)(3), which provides:
The owner who is a natural person and loans a motor vehicle to any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the permissive user of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the owner shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the owner for economic damages shall be reduced by amounts actually recovered from the permissive user and from any insurance or self-insurance covering the permissive user. Nothing in this subparagraph shall be construed to affect the liability of the owner for his or her own negligence.
After a hearing, the trial court entered an order denying Lynn’s motion. The order recites the trial court’s conclusion “that [section] 324.021(9)(b)(3), Florida Statutes, applies only to motor vehicle lessor/lessee relationships, which was not present in the subject case.” We disagree.
*483 A plain reading of this section leads us to conclude that the trial court erred in construing it to only apply to lessor/lessee relationships. Because Lynn is a “natural person” and she loaned the vehicle to a “permissive user,” the statute is applicable to the facts of this case.
Feldmeth argues on appeal that even if the trial court’s interpretation of the statute was incorrect, this court should affirm because Lynn waived the right to assert the statutory cap on liability. The first reason Feldmeth gives for the waiver argument is that Lynn did not plead the statutory cap as an affirmative defense. We reject this argument because we agree with Lynn that the statutory damage cap is not an affirmative defense because it does not, in whole or in part, bar or void the cause of action. See Tallahassee Mem’l Reg’l Med. Ctr., Inc. v. Meeks, 560 So.2d 778, 780 (Fla.1990); FDIC v. Brodie, 602 So.2d 1358, 1362 (Fla. 3d DCA 1992); see also Cohen v. DeYoung, 655 So.2d 1265, 1267 (Fla. 5th DCA 1995) (distinguishing statutory cap on damages from affirmative defense to underlying suit).
Feldmeth also argues that Lynn waived her right to assert the statutory cap because she entered into a pretrial stipulation by which she agreed to be vicariously hable for all compensatory damages regardless of the statutory cap. Feldmeth’s argument refers to a pretrial stipulation which provides that Lynn “will not pursue any defense with regards to ownership, consent, or vicarious liability.” Lynn counters that Feldmeth has not presented this argument to the trial court and asserts that the intent and purpose of the parties’ pretrial stipulation is a contested issue of fact which cannot be resolved on appeal.
The record reflects that Feldmeth mentioned the stipulation at the hearing on Lynn’s motion, and the trial court made a comment to indicate that it agreed with counsel for Lynn that the stipulation did not operate as a waiver of Lynn’s right to the statutory cap. However, because the trial court accepted the argument presented by Feldmeth that section 324.021 only applies to situations involving leased or rented vehicles, the trial court’s order did not reach the issue of the effect of the parties’ stipulation on Lynn’s right to assert the statutory cap. We leave it to the trial court to decide this issue on remand because to do otherwise would require us to rule on the intent and purpose of the stipulation in the first instance, which is contrary to our function as a reviewing court. See State v. Deferance, 807 So.2d 806 (Fla. 4th DCA 2002); Commercial Union Ins. Co. v. Velazquez, 464 So.2d 210 (Fla. 3d DCA 1985).
Reversed and remanded for further proceedings.
WHATLEY and COVINGTON, JJ., Concur.