907 So.2d 569 (2005)
John FISCHER, Appellant,
v.
Tammie ALESSANDRINI, as Personal Representative of the Estate of Dean James Alessandrini, Deceased, Appellee.
No. 2D03-5373.
District Court of Appeal of Florida, Second District.
July 8, 2005.
*570 Curtright C. Truitt and Christina M. O'Brien of Curtright C. Truitt, P.A., Fort Myers, for Appellant.
Shea T. Moxon of Swope, Rodante, P.A., Tampa, for Appellee.
KELLY, Judge.
John Fischer challenges the trial court's denial of his motion to limit the amount of the judgment entered against him in this action arising out of an automobile accident. Fischer's motion was filed pursuant to section 324.021(9)(b)(3), Florida Statutes (1999), which limits the financial liability of a motor vehicle owner when the owner is a "natural person" whose vehicle is involved in a collision while on loan to a permissive user. Because we conclude that the limitation is available to Fischer, we reverse.
Dean James Alessandrini was killed after Jeffery Salerno made a left turn into the path of Alessandrini's motorcycle. Salerno was driving a truck owned by Fischer, his father-in-law. Fischer had lent the truck to his son, Allen Fischer, who in turn lent it to Salerno. Tammie Alessandrini, as personal representative of Dean Alessandrini's estate, brought suit against Fischer and Salerno. In that action, Fischer argued that any judgment entered against him should be limited pursuant to section 324.021(9)(b)(3), which provides:
The owner who is a natural person and loans a motor vehicle to any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. If the permissive user of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the owner shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the owner for economic damages shall be reduced by amounts actually recovered from the permissive user and from any insurance or self-insurance covering the permissive user. Nothing in this subparagraph shall be construed to affect the liability of the owner for his or her own negligence.
Section 324.021(9)(b)(3) is part of the Florida Financial Responsibility Law (sections 324.01-324.251) and is one of several statutory modifications of Florida's common law dangerous instrumentality doctrine.
Under the dangerous instrumentality doctrine, an automobile owner is vicariously liable for damages caused by the operation of his vehicle by a permissive user. Hertz Corp. v. Jackson, 617 So.2d 1051, 1053 (Fla.1993). Florida is apparently the only state that imposes strict vicarious liability on the owner of an automobile who entrusts it to another, and the doctrine has drawn its fair share of criticism. The real and perceived inequities created by the doctrine prompted the legislature to amend section 324.021 to add subsection (9)(b)(1), which eliminated the doctrine's application to long-term automobile lessors *571 provided that the lessee maintained insurance in an amount specified by the statute. See Kraemer v. Gen. Motors Acceptance Corp., 572 So.2d 1363 (Fla.1990). In 1999, the legislature added subsections (9)(b)(2) and (3), which limit the liability of lessors who rent or lease a motor vehicle for less than a year and owners who are natural persons who lend their car to any permissive user. See Lynn v. Feldmeth, 849 So.2d 481 (Fla. 2d DCA 2003).
At issue in this case is the proper interpretation of section 324.021(9)(b)(3). The trial court determined that Fischer was not entitled to the limit provided for in section 324.021(9)(b)(3) because his truck was not a "motor vehicle" for the purposes of that section. Section 324.021(1) defines "motor vehicle" as follows:
(1) MOTOR VEHICLE.Every self-propelled vehicle which is designed and required to be licensed for use upon a highway, including trailers and semitrailers designed for use with such vehicles, except traction engines, road rollers, farm tractors, power shovels, and well drillers, and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails, but not including any bicycle or moped. However, the term "motor vehicle" shall not include any motor vehicle as defined in s. 627.732(1) when the owner of such vehicle has complied with the requirements of ss. 627.730-627.7405, inclusive, unless the provisions of s. 324.051 apply; and, in such case, the applicable proof of insurance provisions of s. 320.02 apply.

(Emphasis supplied.) Focusing on the italicized portion, the trial court concluded that because Fischer's truck was a "motor vehicle" as defined in section 627.732(1) and Fischer had complied with the requirements of sections 627.730-627.7405, the Florida Motor Vehicle No-Fault Law, his truck was not a "motor vehicle" for the purpose of the Financial Responsibility Law, including section 324.021(9)(b)(3).
In reaching its conclusion that Fischer's truck was not a "motor vehicle," the trial court ignored the introductory sentence immediately preceding the definitions contained in section 324.021. That introduction states that "words and phrases when used in this chapter shall, for the purpose of this chapter, have the meanings respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning." § 324.021. It is clear from the context that when the legislature used the term "motor vehicle" in section 324.021(9)(b)(3), it did not intend to exclude from the operation of that section all motor vehicles that complied with Florida's no-fault law.
The history of the statute likewise fails to support such a construction. The language relied upon by the trial court was added to the statute in 1977 as part of the Florida Insurance and Tort Reform Act of 1977. That amendment harmonized the Financial Responsibility Law with the Motor Vehicle No-Fault Law. It was not until 1999 that the legislature enacted section 324.021(9)(b)(3) to limit vicarious liability under the dangerous instrumentality doctrine. To read that section to exclude from its limitation of liability the class of motor vehicles that comply with the no-fault statute would thwart the legislature's goal rather than advance it. Accordingly, we conclude that Fischer's truck is a "motor vehicle" for the purposes of section 324.021(9)(b)(3).
As an alternate basis for ruling that Fischer was not entitled to limit his liability, the trial court looked to the portion of section 324.021(9)(b)(3) that states that liability is limited when "[t]he owner... loans a motor vehicle to any permissive user" and reasoned that because Fischer did not lend his truck to Salerno, he was not entitled to limit his liability. *572 This reasoning, however, ignores the rest of the sentence which states that the owner shall be liable for the "operation of the vehicle or the acts of the operator" up to the limit provided in the statute.
"It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993, 996 (Fla.2003). In failing to abide by that principle by ignoring a portion of the statute, the trial court created a limitation on vicarious liability that is narrower than the scope of the owner's liability under the dangerous instrumentality doctrine. Under that doctrine, an owner's liability is based on his original consent to the use of the automobile beyond his immediate control. Hertz Corp., 617 So.2d at 1052-53. Thus, the owner remains liable even when the original permissive user allows someone else to operate the automobile. Id.
In contrast, if we apply that principle here and give effect to all the language in the statute, the scope of the limitation broadens and is coextensive with the similarly broad scope of an automobile owner's vicarious liability under the dangerous instrumentality doctrine. This result is consistent with what the legislature sought to accomplish. We therefore reject the trial court's interpretation of the statute and conclude that section 324.021(9)(b)(3) expressly provides for a limit on the judgment against Fischer.
Reversed and remanded for further proceedings consistent with this opinion.
NORTHCUTT and VILLANTI, JJ., Concur.